OPINION *Page 2 
{¶ 1} On July 20, 2006, appellee, Khelp Properties, Ltd., filed a petition for annexation with appellee, Board of County Commissioners of Stark County, Ohio. Khelp sought to have its property annexed by appellee, the City of Canal Fulton, Ohio. The property is located in Lawrence Township, Ohio. After receiving notice, appellant, Lawrence Township Board of Township Trustees, adopted a resolution objecting to the annexation petition pursuant to R.C. 709.023(D).
 {¶ 2} On September 7, 2006, appellee Stark County Board passed a resolution granting the annexation petition.
 {¶ 3} On November 6, 2006, appellant filed a complaint for declaratory judgment, mandamus, and injunctive relief with the Court of Common Pleas of Stark County, Ohio against appellees, City of Canal Fulton, Tammy Marthey, Clerk of Council for the City of Canal Fulton, Khelp, and Stark County Board. Appellant requested that the trial court construe and apply the provisions of R.C. 709.023 pertaining to Type 2 expedited annexation proceedings.[1] Specifically, appellant argued R.C. 709.023(D), (E), and (F) require a county board of commissioners, upon receipt of an objection, to make specific findings regarding each objection raised vis-á-vis each subsection of R.C. 709.023(E). By judgment entry filed September 25, 2007, the trial court denied the relief requested in appellant's complaint. The trial court determined a county board of commissioners is not required to make express findings as to whether all seven conditions contained in R.C. 709.023(E) have been met. *Page 3 
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN ITS CONSTRUCTION AND APPLICATION OF R.C. § 709.023, IN THIS DECLARATORY JUDGMENT AND MANDAMUS ACTION, TO APPELLANT'S PREJUDICE."
 I {¶ 6} Appellant claims the trial court's decision to deny declaratory relief and mandamus was contrary to law.
 {¶ 7} The pertinent statutes, R.C. 709.023(D), (E), and (F), state the following, respectively:
 {¶ 8} "(D)* * * If the municipal corporation and each of those townships timely files an ordinance or resolution consenting to the proposed annexation, the board at its next regular session shall enter upon its journal a resolution granting the proposed annexation. If, instead, the municipal corporation or any of those townships files an ordinance or resolution that objects to the proposed annexation, the board of county commissioners shall proceed as provided in division (E) of this section. Failure of the municipal corporation or any of those townships to timely file an ordinance or resolution consenting or objecting to the proposed annexation shall be deemed to constitute consent by that municipal corporation or township to the proposed annexation."
 {¶ 9} "(E) Unless the petition is granted under division (D) of this section, not less than thirty or more than forty-five days after the date that the petition is filed, the *Page 4 
board of county commissioners shall review it to determine if each of the following conditions has been met:
 {¶ 10} "(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.021 of the Revised Code.
 {¶ 11} "(2) The persons who signed the petition are owners of the real estate located in the territory proposed for annexation and constitute all of the owners of real estate in that territory.
 {¶ 12} "(3) The territory proposed for annexation does not exceed five hundred acres.
 {¶ 13} "(4) The territory proposed for annexation shares a contiguous boundary with the municipal corporation to which annexation is proposed for a continuous length of at least five per cent of the perimeter of the territory proposed for annexation.
 {¶ 14} "(5) The annexation will not create an unincorporated area of the township that is completely surrounded by the territory proposed for annexation.
 {¶ 15} "(6) The municipal corporation to which annexation is proposed has agreed to provide to the territory proposed for annexation the services specified in the relevant ordinance or resolution adopted under division (C) of this section.
 {¶ 16} "(7) If a street or highway will be divided or segmented by the boundary line between the township and the municipal corporation as to create a road maintenance problem, the municipal corporation to which annexation is proposed has agreed as a condition of the annexation to assume the maintenance of that street or highway or to otherwise correct the problem. As used in this section, `street' or `highway' has the same meaning as in section 4511.01 of the Revised Code. *Page 5 
 {¶ 17} "(F) Not less than thirty or more than forty-five days after the date that the petition is filed, if the petition is not granted under division (D) of this section, the board of county commissioners, if it finds that each of the conditions specified in division (E) of this section has been met, shall enter upon its journal a resolution granting the annexation. If the board of county commissioners finds that one or more of the conditions specified in division (E) of this section have not been met, it shall enter upon its journal a resolution that states which of those conditions the board finds have not been met and that denies the petition."
 {¶ 18} The trial court specifically found R.C. 709.023(E) and (F) "donot require the Board of County Commissioners to make express findings that analyze how all of the seven conditions in R.C. § 702.023(E) have been met." The trial court concluded R.C. 709.023(F) "appears to require the Commissioners to only identify, and not to thoroughly explain and/or discuss, the conditions that have not been met when a petition has been denied."
 {¶ 19} We concur with the trial court's analysis. We note the statutory scheme of S.B. No. 5 created specific provisions for annexation when all the owners request annexation. Under this revision, the Ohio General Assembly codified the longstanding common law that individual property owners are entitled to the free alienation of their property if specific conditions are met [R.C. 709.023(E)].
 {¶ 20} Pursuant to R.C. 702.023(G), no appeal may be taken from the action of a board of county commissioners regarding a petition filed under R.C. § 702.023:
 {¶ 21} "If a petition is granted under division (D) or (F) of this section, the clerk of the board of county commissioners shall proceed as provided in division (C)(1) of *Page 6 
section 709.033 of the Revised Code, except that no recording or hearing exhibits would be involved. There is no appeal in law or equity from the board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the board of county commissioners to perform its duties under this section."
 {¶ 22} We note the above language excludes the right for declaratory relief, but does not preclude a mandamus action.
 {¶ 23} The Stark County Board's Resolution, adopted September 7, 2006, stated the following:
 {¶ 24} "WHEREAS, this Board has examined the maps, legal documents, and the petition for the proposed annexation; and
 {¶ 25} "WHEREAS, according to ORC 709.023(D), within 25 days after the date that the petition is filed, the municipality to which the annexation is proposed and each township with land included in the proposed annexation may adopt an ordinance or resolution consenting or objecting to the proposed annexation; and
 {¶ 26} "WHEREAS, An objection to a proposed annexation by a municipality or township must be based solely on the conditions under which the Board rule on Expedited Type 2 Annexations as specified by ORC709.023 (E); and
 {¶ 27} "WHEREAS, Lawrence Township Board of Trustees (Trustees) adopted a resolution objecting to the Khelp Annexation as prescribed by ORC 709.023; and
 {¶ 28} "WHEREAS, The Board has reviewed the resolution adopted by the Trustees and, contrary to the objections raised by the Trustees, has determined that the petition for annexation meets all of the conditions for Type 2 Annexations as outlined in ORC 709.023 (E). . . . *Page 7 
 {¶ 29} "NOW, THEREFORE, BE IT RESOLVED, in accordance with ORC Section 709.023, the subject annexation is granted."
 {¶ 30} Within this resolution, the Stark County Board clearly stated it reviewed appellant's objection as it related to the R.C. 709.023(E) factors. The Stark County Board rejected appellant's arguments. The Stark County Board specifically stated it "has determined" that the annexation petition meets all of the conditions as outlined in R.C. 709.023(E). We find this language to be sufficient to fulfill the statutory duty of the Stark County Board under R.C. 709.023. As the trial court correctly noted, the statute only requires "reasons" when it rejects a petition [709.023(F)].
 {¶ 31} Based upon a reading of the entire statute, we find if the Ohio General Assembly had wanted specific affirmative findings under R.C. 709.023(E), it would have included it as it did in subsection (F). We find the principle of "expression unius est exclusio alterius" (expression of one thing implies exclusion of another) applies sub judice.
 {¶ 32} Upon review, we find appellant's arguments to lack merit. The reference in the Resolution that the factors of R.C. 709.023(E) have been determined to be fulfilled is sufficient. The trial court was correct in denying the writ of mandamus.
 {¶ 33} The sole assignment of error is denied. *Page 8 
 {¶ 34} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed. By Farmer, J. Hoffman, P.J. and Delaney, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
[1] A Type 2 annexation is one wherein "the property to be annexed to a municipality will remain within the township, despite annexation." See, Judgment Entry filed September 25, 2007. *Page 1