{¶ 44} I respectfully disagree from the majority opinion.
 {¶ 45} I would decline to interpret Butler as urged by Lawrence Township. I would find that an "owner" as defined in R.C. 709.02(E) excludes "any railroad, utility, street, and highwayrights-of-way held in fee, by easement, or by dedication and acceptance." (Emphasis added). The plat undisputedly establishes that Corman is the owner of a railroad right-of-way. Thus, Corman, as owner of a railroad right-of-way, is excluded from the definition of owner and therefore Corman's consent is not necessary in this type-2 annexation. In addition, as CFF aptly noted "a railroad right-of-way is not developable for anything other than the laying of railroad tracks. A piece of property used for a railroad right-of-way gains no appreciable benefit nor does it suffer a detriment from an annexation." CFF's Brief, at 6.
 {¶ 46} Therefore, the trial court correctly determined CFF's petition meets the unanimity requirement set forth in R.C. 709.023(E)(2) and the Commissioners followed the statutory procedure in approving the annexation.
 {¶ 47} We also previously stated in Violet Twp. Bd. of Twp. Trusteesv. City of Pickerington, Fairfield App. No. 02-CA-41, 2003-Ohio-845, "* * *[w]here the law provides a statutory scheme for review of an issue, injunction or declaratory action does not lie outside of that scheme. * * * [A]ll of the trustees rights and claims are limited to the statutory scheme for annexation contained in Title VII of the Revised Code." Id. at ¶ 12. See also, Washington Twp. Bd. of Trustees v. City ofMansfield, Richland App. No. 03 CA 85, 2004-Ohio-4299. *Page 12 
 {¶ 48} R.C. 709.023(G) limits a township to a mandamus action when challenging a petition filed under R.C. 702.023, as in the case subjudice. Prior precedent from this Court has indicated this statutory scheme excludes the right to declaratory relief. Lawrence Twp. Bd. ofTrustees v. City of Canal Fulton, Stark App. No. 2007CA00308,2008-Ohio-2690, at ¶ 22. Likewise, this statutory scheme does not authorize a party to seek injunctive relief in this instance.
 {¶ 49} I disagree with Lawrence Township's contention that the Ohio Supreme Court in Butler endorsed an action for declaratory judgment under R.C. Chapter 2721 as an avenue to challenge or determine the issue of "owner" or "owners" who are required to sign the petition in expedited annexation proceedings. A review of Butler indicates this issue was never raised or addressed by the Ohio Supreme Court. Accordingly, I would continue to follow our precedent and find Lawrence Township does not have standing to bring an action for declaratory or injunctive relief after the Commissioners approved the petition under R.C. 709.023(G).
 {¶ 50} I would therefore affirm the decision of the lower court. *Page 1