DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Brunswick Hills Township Trustees, et al., appeals from the judgment of the Medina County Court of Common Pleas. This Court reverses.
 I. {¶ 2} On April 1, 2005, Appellant filed complaints for declaratory judgment, preliminary and permanent injunctions against Appellees, the City of Cleveland, the City of Brunswick and Medina County. Appellant's complaints concerned three water provision agreements: (1) an agreement between the City of Cleveland and the City of Brunswick, (2) an agreement between the City of *Page 2 
Cleveland and Medina County and (3) an agreement between the City of Brunswick and Medina County.
 {¶ 3} All parties filed motions for summary judgment. On October 3, 2006, the Medina County Court of Common Pleas granted summary judgment in favor of Appellees. The trial court found that Appellant, as a non-party to the three agreements, lacked standing to institute the action for declaratory judgment. The court further found that there was no genuine issue of material fact regarding Appellant's claims. Accordingly, the trial court found that Appellees were entitled to judgment as a matter of law. Appellant timely appealed the trial court's order, raising two assignments of error for our review. We have rearranged Appellant's assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN ENTERING AN OPINION DECIDING THE MATTER DESPITE RULING THAT THE APPELLANT DID NOT HAVE STANDING TO INITIATE A DECLARATORY JUDGMENT."
 {¶ 4} In Appellant's second assignment of error, it asserts that the trial court erred in ruling on the matter despite finding that Appellant lacked standing to initiate a declaratory judgment action.
 {¶ 5} Pursuant to the appellate and local rules, this Court has authority to disregard assignments of error when the appellant has failed to identify the relevant portions of the record from which the errors are based. See App.R. *Page 3 
12(A)(2); Loc.R. 7(F). Furthermore, we are permitted to disregard assignments of error when the appellant has not supported its argument with citations to legal authority and facts in the record. State v.Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. See, also, App.R. 16(A)(7); Loc.R. 7(B)(7). Appellant has cited virtually no authority or citations to the record to support its arguments on appeal. Nonetheless, because this assignment of error raises an obvious legal error, we feel compelled to address it.
 {¶ 6} The trial court's opinion reflects that it found that Appellant lacked standing to pursue the matter, yet it granted summary judgment in favor of Appellees on Appellant's complaint. "The issue of standing is a threshold test that, once met, permits a court to determine the merits of the questions presented." Hicks v. Meadows, 9th Dist. No. 21245, 2003-Ohio-1473, at ¶ 7, citing Tiemann v. Univ. of Cincinnati (1998),127 Ohio App.3d 312, 325. When the standing of a party is questioned, his capacity to bring an action is being challenged. State ex rel. Jonesv. Suster (1998), 84 Ohio St.3d 70, 77. Here, once the trial court determined that Appellant lacked standing to prosecute the action, it was required to dismiss the case. See, generally, Hicks, supra, at ¶ 7. The trial court had no authority to order judgment in favor of Appellees on Appellant's complaint; the trial court had authority only to dismiss the action. Accordingly, the trial court erred in ruling on the summary judgment motion after finding that Appellant *Page 4 
lacked standing. Accordingly, Appellant's second assignment of error is sustained.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN GRANTING THE APPELLEES' MOTION FOR SUMMARY JUDGMENT[.]"
 {¶ 7} In light of our disposition of Appellant's second assignment of error, Appellant's first assignment of error is rendered moot.
 III. {¶ 8} Appellant's second assignment of error is sustained. Appellant's first assignment of error is moot. The judgment of the Medina County Court of Common Pleas is reversed and remanded with instructions to dismiss Appellant's complaint.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 5 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to Appellees.
 WHITMORE, P. J. DICKINSON, J. CONCUR *Page 1