DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Brunswick Hills Township, appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On April 1, 2005, Appellant, Brunswick Hills Township, ("Brunswick Hills"), filed complaints for declaratory judgment, preliminary and permanent injunctions against Appellees, the City of Cleveland, the City of Brunswick and Medina County. Brunswick Hills' complaints concerned three water provision agreements: (1) an agreement between the City of Cleveland and the City of Brunswick, (2) an agreement between the City of Cleveland and Medina County, and (3) an agreement between the City of Brunswick and Medina County.
 {¶ 3} All parties filed motions for summary judgment. On October 3, 2006, the Medina County Court of Common Pleas granted summary judgment in favor of Appellees. The trial court found that Brunswick Hills, as a non-party to the three agreements, lacked standing to *Page 2 
institute the action for declaratory judgment. The court further found that there was no genuine issue of material fact regarding Brunswick Hills' claims. Accordingly, the trial court found that Appellees were entitled to judgment as a matter of law. Brunswick Hills timely appealed the trial court's October 3, 2006 ruling. On appeal, this Court held that the trial court lacked authority to order summary judgment in favor of Appellees on Brunswick Hills' complaint. See Brunswick Hills Twp. v.Cleveland, 9th Dist. No. 06CA0095-M, 2007-Ohio-2560. We held that once the trial court found that Brunswick Hills lacked standing to pursue the matter, it was required to dismiss the case. Therefore, we reversed and remanded the trial court's decision with instructions to dismiss Brunswick Hills' complaint.
 {¶ 4} On October 2, 2007, the trial court entered an order dismissing Brunswick Hills' complaint. Brunswick Hills timely appealed the trial court's order, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN DISMISSING [BRUNSWICK HILLS'] DECLARATORY JUDGMENT ACTION FOR LACK OF STANDING."
 {¶ 5} In Brunswick Hills' sole assignment of error, it asserts that the trial court erred in dismissing its declaratory judgment action for lack of standing.
 {¶ 6} At the outset, we note that in Brunswick Hills' first appeal, it raised two assignments of error. In its first assignment of error, Brunswick Hills asserted that the trial court erred in granting Appellees' motion for summary judgment. In its second assignment of error, Brunswick Hills argued that the trial court erred in entering an opinion deciding the matter despite ruling that Brunswick Hills did not have standing to initiate a declaratory judgment action. Despite the trial court's October 3, 2006 decision granting summary judgment in favor of *Page 3 
Appellees and finding that Brunswick Hills lacked standing to institute the declaratory judgment action, in its initial appeal to this Court Brunswick Hills failed to challenge the trial court's decision dismissing the declaratory judgment action for lack of standing.
 {¶ 7} We find that the disposition of this matter is controlled by the law of the case doctrine. Under this doctrine,
 "a reviewing court's decision [is] the law in the reviewed case for all legal questions and for all subsequent proceedings in the case. * * * [T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." (Internal quotations and citations omitted.) State ex rel. Sharif v. McDonnell (2001), 91 Ohio St.3d 46, 47.
 {¶ 8} The law of the case doctrine precludes Brunswick Hills from arguing to this Court in a subsequent appeal, anything that could have been argued during the first appeal. Pipe Fitters Union Local No. 392 v.Kokosing Constr. Co. Inc., 81 Ohio St.3d 214, 218 (1998), citingBeifuss v. Westerville Bd. of Edn. (1988), 37 Ohio St.3d 187, 191. More specifically, the law of the case doctrine precludes Brunswick Hills from arguing to this Court in the within appeal that the trial court erred in dismissing the declaratory judgment action for lack of standing. Brunswick Hills had the opportunity to raise this argument in its initial appeal to this Court. It failed to do so.
 {¶ 9} Brunswick Hills' sole assignment of error is overruled.
 III. {¶ 10} Brunswick Hills' sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 4 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, P. J., DICKINSON, J., CONCUR.
 *Page 1