OPINION
{¶ 1} Relator-Appellant, Butler Township Board of Trustees, appeals from the judgment of the Montgomery County Common Pleas Court in favor of Respondents-Appellees, Montgomery County Board of County Commissioners, et al., which dismissed Butler Township's complaint for a writ of mandamus, declaratory relief, and injunctive relief.
 {¶ 2} Butler Township sets forth four assignments of error claiming that the trial court erred in determining that the township was not a party to an expedited type II annexation, which had standing to bring a mandamus action; that the trial court erred in determining that the County Commissioners had no duty to make affirmative findings prior to granting the annexation; that the trial court erred in denying Butler Township a preliminary injunction to preserve the status quo and denying its motion to amend the complaint on the grounds that it was moot.
 {¶ 3} Because we determine that the trial court properly dismissed Butler Township's mandamus and declaratory judgment action on the ground of standing, and because the other issues are therefore moot, we affirm the judgment appealed from.
 {¶ 4} On October 31, 2007, Waterwheel Farms, Inc., through its agent, Joseph P. Moore, filed a petition to annex 78.489 acres of property, located in Butler Township, to the City of Union. This petition was filed pursuant to R.C. 709.021, 709.023, as an expedited type II annexation.
 {¶ 5} This was the second attempt by Waterwheel to annex this property to the City of Union. In 2004, Waterwheel filed a similar petition to annex this same property, but included in the petition a portion of Jackson Road (along with the berm, shoulder, *Page 3 
and other incidentals of the right of way) that does not abut Waterwheel's property. In that case, Butler Township filed objections to the proposed annexation on the basis that all of the property owners had not consented to the annexation. The property owners referred to in the objection were a number of landowners whose properties adjoin Jackson Road and who were the fee-simple owners (up to the centerline of the road) of the property over which the roadway passes, subject to an easement for the right of way. The County Commissioners granted the petition to annex, finding that all of the property owners had joined in the petition. A declaratory judgment action was then filed by the township and the property owners. Ultimately, the Ohio Supreme Court determined that "for purposes of R.C. 709.02(E), when annexation of a roadway into a municipality is sought, landholders who own the property over which a roadway easement exists are `owners' of the roadway and therefore must be included in determining the number of owners needed to sign the annexation petition." State ex rel. Butler Twp. Bd. of Trusteesv. Montgomery Cty. Bd. of Commrs., 112 Ohio St.3d 262, 2006-Ohio-6411, ¶ 47.
 {¶ 6} The petition filed herein excluded the 1.351 acres of roadway, and was signed by the only owner of the real estate sought to be annexed. After the filing of the petition, Butler Township again filed a resolution with the Board of County Commissioners, objecting to the new petition on the basis that the annexation did not comply with the seventh condition of annexation, set forth in R.C. 709.023(E)(7). The basis for this objection was that the township claimed that the annexation of property adjacent to the unannexed portion of Jackson Road would cause road maintenance problems since the township and the city had not entered into an agreement regarding *Page 4 
the maintenance of that portion of the roadway. However, prior to the action of the Board of County Commissioners, the City of Union adopted a resolution, pursuant to R.C. 709.023(C) stating if and to any extent any maintenance problem was created by the annexation, the city would "assume the maintenance of those portions of Jackson Road for which a maintenance problem was caused by the annexation or to otherwise correct the problem."
 {¶ 7} On December 11, 2007, the Board of County Commissioners approved the annexation petition by Resolution Number 07-2156.
 {¶ 8} Subsequently, Butler Township filed a complaint for a writ of mandamus, declaratory judgment and injunctive relief. The trial court granted a motion to dismiss filed by the City of Union. The trial court, determining that Butler Township was not a party to the annexation under R.C. 709.023, found that it had no standing to bring the within action. The trial court further found that even if the Township had standing to bring the mandamus action, it would have granted the respondents' motion for judgment on the pleadings as the condition that the township raised was not implicated since the roadway was not divided or segmented by the boundary line of the annexation.
 {¶ 9} From this decision, Butler Township has appealed, setting forth four assignments of error for our review.
 "First Assignment of Error {¶ 10} "The court below erred in holding that a township in which territory sought to be annexed lies cannot be considered `any party,' pursuant to R.C. 709.023(G), thereby giving it standing to bring a mandamus action to compel the board of county *Page 5 
commissioners to perform its duties under R.C. 709.023."
 {¶ 11} "Standing is a threshold test that, if satisfied, permits the court to go on to decide whether the plaintiff has a good cause of action, and whether the relief sought can or should be granted to plaintiff." Tiemann v. Univ. of Cincinnati (1998), 127 Ohio App.3d 312,325, 712 N.E.2d 1258. Lack of standing challenges the capacity of a party to bring an action, not the subject matter jurisdiction of the court. State ex rel. Ralkers, Inc. v. Liquor Control Comm., Franklin App. No. 04AP-779, 2004-Ohio-6606, ¶ 35. When an appellate court is presented with a standing issue, it is generally a question of law, and we therefore apply a de novo standard of review. See Cleveland Elec.Illuminating. Co. v. Pub. Util. Comm. (1996), 76 Ohio St.3d 521, 523,668 N.E.2d 889.
 {¶ 12} Butler Township points to R.C. 709.023(G), which provides that "any party" can seek a writ of mandamus "to compel the board of county commissioners to perform its duties under this section." The township then argues that it is a party because the statute permits the township to file objections to the annexation, and because if the township is not considered a party for purposes of mandamus, then it has no recourse for an adverse ruling on its objections.
 {¶ 13} The respondents argue that the General Assembly specifically determined that only the petitioners were to be parties for the purposes of mandamus under an expedited type II annexation. They point to the two other types of expedited annexation proceedings, type I (R.C. 709.022) and type III (R.C. 709.024), which both specifically provide that townships and municipal corporations, as well as the petitioners, are "parties." In the expedited type II proceedings (R.C. 709.023) there is *Page 6 
no specific inclusion of the township and the municipal corporation within the definition of parties.
 {¶ 14} The trial court, applying the statutory interpretation principle of expressio unius est exclusio alterius (the expression of one thing is the exclusion of another), determined that the legislature's exclusion of R.C. 709.023 from the definition of a "party" as including the township and the municipal corporation meant that that definition did not apply to R.C. 709.023. The trial court then dismissed the action because it found that Butler Township lacked standing to bring the action.
 {¶ 15} In Lawrence Twp., Stark Cty., Ohio, Bd. of Twp. Trustees v.Canal Fulton, Stark App. No. 2007 CA 00010, 2007-Ohio-6115, 1J21, the Fifth District, discussing a similar issue pointed out that "[manifestly, townships are creatures of statute and have no inherent power. They, like the Zoning Board of Appeals, as creatures of statute, have only those powers expressly authorized or necessarily implied from the expressed grant of statutory power and the mode prescribed for the exercise of that power is itself the limit upon that power." (citingAmerican Sand Gravel, Inc. v. Fuller (Mar. 16, 1987), Stark App. Nos. CA-6952, CA-7067.)
 {¶ 16} In State ex rel. Overholser Builders, L.L.C. v. Clark Cty. Bd.of Commrs., 174 Ohio App.3d 631, 2007-Ohio-7230, ¶ 5, we pointed out that "`[Annexation is strictly a statutory process.'" (quoting In rePetition to Annex 320 Acres to S. Lebanon (1992), 64 Ohio St.3d 585,591, 597 N.E.2d 463, 1992-Ohio-134). Consequently, the procedures for annexation and for challenging an annexation must be provided by the General Assembly. Id.
 {¶ 17} "Since 2001, R.C. Chapter 709 has provided four procedures for the *Page 7 
annexation of property. 2000 Am. Sub. S.B. No. 5 (`Senate Bill 5'). Three of those procedures are expedited procedures that may be used when all of the owners of property within the annexation territory sign the petition for annexation. See R.C. 709.021, 709.022, 709.023, and709.024. Under each of these procedures, the owners of real estate contiguous to a municipal corporation may petition for annexation to that municipal corporation. R.C. 709.02(A)." State ex rel. Butler Twp.Bd. of Trustees v. Montgomery Cty. Bd. of Cty. Commrs.,162 Ohio App.3d 394, 833 N.E.2d 788, 2005-Ohio-3872, ¶ 9, affirmed by State ex rel.Butler Twp., 112 Ohio St.3d 262, 858 N.E.2d 1193, 2006-Ohio-6411.
 {¶ 18} The first, established by R.C. 709.022, commonly called an expedited type I annexation, applies when "all parties," including the township and the municipality, agree to the annexation of the property and they all execute a written annexation agreement. The second, established by R.C. 709.023, is commonly called an expedited type II annexation and applies when the property to be annexed to the municipality will remain within the township despite the annexation. The third type of special annexation, established by R.C. 709.024, is commonly called an expedited type III annexation, and it applies when the property to be annexed has been certified as "a significant economic development project." See State ex rel. Butler Twp., 112 Ohio St.3d 262, ¶ 5.
 {¶ 19} R.C. 709.07, which authorizes appeals under R.C. Chapter 2506, does not apply to any of the expedited annexations. R.C. 709.021(C). Rather, each of the expedited procedures has specific provisions limiting challenges to decisions by the board of county commissioners. *Page 8 
 {¶ 20} In an expedited type I annexation, R.C. 709.022(B) provides: "Owners who sign a petition requesting that the special procedure in this section be followed expressly waive their right to appeal any action taken by the board of county commissioners under this section. There is no appeal from the board's decision under this section in law or in equity."
 {¶ 21} As for expedited type III annexations, R.C. 709.024(D) provides: "If all parties to the annexation proceedings consent to the proposed annexation, a hearing shall not be held, and the board, at its next regular session, shall enter upon its journal a resolution granting the annexation . There is no appeal in law or in equity from the board's entry of a resolution under this division." However, "[a]n owner who signed the petition may appeal a decision of the board of county commissioners denying the proposed annexation under section 709.07 of the Revised Code." R.C. 709.024(G). "No other person has standing to appeal the board's decision in law or in equity. If the board grants the annexation, there shall be no appeal in law or in equity." Id.
 {¶ 22} The owners who sign a petition for an expedited type II annexation also "expressly waive their right to appeal in law or equity from the board of county commissioners' entry of any resolution under this section." R.C. 709.023(A). They also waive any rights "to sue on any issue relating to a municipal corporation requiring a buffer as provided in this section" and "to seek a variance that would relieve or exempt them from that buffer requirement." Id. R.C. 709.023(G) further provides: "If a petition is granted under division (D) or (F) of this section, the clerk of the board of county commissioners shall proceed as provided in division (C)(1) of section 709.033 of the Revised Code, except that no recording or hearing exhibits would be involved. *Page 9 
There is no appeal in law or equity from the board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the board of county commissioners to perform its duties under this section."
 {¶ 23} While R.C. 709.023 expresses that any "party" may seek a writ of mandamus to compel the board of county commissioners to perform its duties under this section, it does not define party. Looking at R.C. 709.021(D), we find that the legislature has defined "party" as: "the municipal corporation to which annexation is proposed, each township any portion of which is included within the territory proposed for annexation, and the agent for the petitioners." However, R.C. 709.021
specifically provides that that definition is only applicable to RC. 709.022 and 709.024. Surely, the omission of this definition from R.C. 709.023 was deemed significant by the General Assembly.
 {¶ 24} Black's Law Dictionary, 6th Ed. defines "party" in the following terms: "[a] party is a technical word having a precise meaning in legal parlance; it refers to those by or against whom a legal suit is brought, whether in law or in equity, the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons; all others who may be affected by the suit, indirectly orconsequently, are persons interested but not parties." (emphasis supplied.) While an annexation proceeding is not, in strict legal terms, a legal suit, it is a legal proceeding brought by and in the name of the petitioners only, and before the board of county commissioners. And, while a board of township trustees or a municipal corporation may be interested persons, they are not, by general definition, "parties" to an annexation proceeding.
 {¶ 25} What is significant in attempting to reconcile the appellate rights *Page 10 
applicable to all three of these expedited annexation proceedings, is that in all three, the statutory scheme sets forth specific requirements, and if those requirements are met, then the action by the board of county commissioners is merely ministerial and not discretionary.
 {¶ 26} Furthermore, in all three proceedings, all of the owners of the land to be annexed must agree and participate in the petition process. In all three proceedings, the municipal corporation to which the land is to be annexed must indicate their consent by the filing of a resolution or ordinance indicating what services it will provide to the annexed land. In a type I proceeding, the township must indicate their consent by approving an annexation agreement or a cooperative economic development agreement; in both type II and type III proceedings, the land annexed is not withdrawn from the township, and the township suffers no economic detriment by the approval of the annexation.
 {¶ 27} Finally, in all three proceedings, it is contemplated that there is only very narrowly limited appeal, if any, from the board's action. In R.C. 709.022(B), it is provided that "[t]here is no appeal from the board's decision under this section in law or in equity." In R.C. 709.023(G), it is provided that "[t]here is no appeal in law or equity from the board's entry of any resolution under this section, but any party may seek a writ of mandamus to compel the board of county commissioners to perform its duties under this section." And, in R.C. 709.024(G), it is provided that "[a]n owner who signed the petition may appeal a decision of the board of county commissioners denying the proposed annexation under section 709.07 of the Revised Code. No other person has standing to appeal the board's decision in law or in equity. If the board grants the *Page 11 
annexation, there shall be no appeal in law or in equity."
 {¶ 28} If we were to construe the Butler Township Trustees as a party to this expedited type II annexation, such as to give them standing to contest the granting of the application, we would be extending to them a greater right than they would have under either a type I or a type III expedited annexation, where the legislature has expressly chosen to define them as parties. And, if we were to find that the township has the right to file a declaratory judgment action, the township's rights would be greater than the affected property owners. In none of these expedited proceedings is it contemplated or provided that any person has the standing to contest the grant of an annexation petition that meets the statutory criteria.
 {¶ 29} Finally, consistent herewith, we determine that the township lacks standing to file a declaratory judgment action herein as well. This very issue was litigated in Washington Twp. Bd. of Trustees v.Mansfield City Council, Richland App. Nos. 03 CA 85 and 03 CA 97,2004-Ohio-4299. We agree with the analysis and disposition of this issue therein. The Fifth District Court of Appeals reasoned that because townships are creatures of statute and they have no inherent powers, and because "`* * * [W]here the law provides a statutory scheme for review of an issue, injunction or declaratory action does not lie outside of that scheme. * * * [Therefore] [A]ll of the trustees' rights and claims are limited to the statutory scheme for annexation contained in Title VII of the Revised Code.'" Id. at ¶ 34, quoting Violet Twp. Bd. of Twp.Trustees v. City of Pickerington, Fairfield App. No. 02-CA-41, 2003-Ohio-845.
 {¶ 30} And, even assuming, arguendo, that Butler Township does meet the definition of a "party" for purposes of R.C. 709.023(G), and therefore has standing to *Page 12 
file a mandamus action, we note that a relator seeking a writ of mandamus must demonstrate: "(1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." State ex rel. Berger v.McMonagle (1983),6 Ohio St.3d 28, 29, 451 N.E.2d 225, citing State exrel. Heller v. Miller (1980), 61 Ohio St.2d 6, 399 N.E.2d 66, paragraph one of the syllabus.
 {¶ 31} In Lawrence Twp., Stark Cty., Ohio, Bd. of Twp. Trustees v.Canal Fulton, supra, at ¶ 22, the Fifth District Court of Appeals determined that R.C. 709.023(D), permitting the township to file an objection to the annexation, provided them with a plain and adequate remedy in the ordinary course of law. Additionally, the trial court herein determined that Butler Township did not have a clear legal right to the relief sought, and that the Montgomery County Board of Commissioners did not have a clear legal duty to deny the petition because no street or highway was divided or segmented, and because in spite of that, the City of Union had passed a resolution requiring it to assume any required maintenance for the roadway in question if a problem existed. This finding was based upon uncontroverted evidence.
 {¶ 32} For these reasons, the first assignment of error is overruled.
 "Second Assignment of Error {¶ 33} "The court below erred in holding that the board of county commissioners reviewing the annexation did not have a clear legal duty to address one of the required elements, specifically, R.C. 709.023(E)(7), unless it found that the splitting of highways caused by the proposed annexation would cause a maintenance problem, when there is no evidence in the record as to whether the board did or did not make such a *Page 13 
finding."
 {¶ 34} Based upon our resolution of the first assignment of error, this assignment of error is moot. Nonetheless, we will address it briefly. This is the issue raised in Butler Township's request for declaratory judgment.
 {¶ 35} Recently, the Fifth District Court of Appeals, addressing this identical question, determined that R.C. 709.023(E) and (F) do not require the Board of County Commissioners to make express findings that analyze how all seven conditions in R.C. 709.023(E) have been met. The statute only requires the Commissioners to identify, and not to thoroughly explain and/or discuss, the conditions that have not been met when a petition has been denied. Lawrence Twp. Bd. of Trustees v. CanalFulton, Stark App. No. 2007CA00308, 2008-Ohio-2690, at ¶¶ 18-19.
 {¶ 36} We agree with this conclusion as it is consistent with a clear reading of the statute. We agree with the Fifth District that it is consistent with the "longstanding common law that individual property owners are entitled to the free alienation of their property if specific conditions are met." Id. at ¶ 19. We also find that it is consistent with our determination that only the property owner has any recourse from a decision of the board of county commissioners under R.C. 709.023, and that is only in the case where the petition is denied. If the petition is denied, the property owner is entitled to know upon which ground a petition is denied, which aids in the exercise of his mandamus remedy.
 {¶ 37} The second assignment of error is overruled.
 "Third Assignment of Error {¶ 38} "The court below erred in denying Relator a preliminary injunction in order *Page 14 
to maintain the status quo and avoid the claims before it from becoming moot on the grounds that Relator Township could not prevail on its substantive claims."
 {¶ 39} Based upon our determination of the first and second assignments of error, the issues raised in this assignment of error are also moot. If, as we have found, the Butler Township Trustees do not have standing to seek mandamus, and if they are not entitled to the declaratory judgment that they seek, then they have no basis upon which to ask for a preliminary injunction. When a court determines that an action must fail for lack of standing, there is nothing left for the court to do, but to dismiss the action. The trial court has no further authority to grant any relief sought by any party. Brunswick Hills Twp.v. Cleveland, Medina App. No. 06CA0095-M, 2007-Ohio-2560.
 {¶ 40} Additionally, in ruling on a motion for preliminary injunction, a trial court must consider whether (1) the moving party has shown a substantial likelihood that he or she will prevail on the merits of the underlying substantive claim; (2) the moving party will suffer irreparable harm if the injunction is not granted; (3) issuance of the injunction will not harm third parties; and, (4) the public interest would be served by issuing the preliminary injunction. Sinoff v. OhioPermanente Med. Group, Inc., 146 Ohio App.3d 732, 741, 767 N.E.2d 1251,2001-Ohio-4186, ¶ 40.
 {¶ 41} Therefore, the purpose of a preliminary injunction is to preserve the status quo of the parties pending a decision on the merits.Dunkelman v. Cincinnati Bengals, Inc., 158 Ohio App.3d 604,821 N.E.2d 198, 2004-Ohio-6425. The party seeking the preliminary injunction must establish each of the elements by clear and convincing evidence.Vanguard Transp. Sys., Inc. v. Edwards Transfer Storage Co., Gen.Commodities Div. (1996),109 Ohio App.3d 786, 790, 673 N.E.2d 182. *Page 15 
 {¶ 42} The decision whether to grant or deny injunctive relief is within the trial court's sound discretion and its decision will not be disturbed on appeal absent a clear abuse thereof. Danis Clarkco LandfillCo. v. Clark Cty. Solid Waste Mgt. Dist., 73 Ohio St.3d 590, 604,653 N.E.2d 646,1995-Ohio-301.
 {¶ 43} Because the trial court had already determined that Butler Township could not prevail upon the merits, and because that decision is in accord with our determination as to the second assignment of error, the trial court's denial of the preliminary injunction was not an abuse of discretion.
 {¶ 44} The third assignment of error is overruled.
 "Fourth Assignment of Error {¶ 45} "The court below erred in finding that Relator's motion to amend the complaint to change the caption from `City Council' to `City' on the ground that the motion was moot."
 {¶ 46} Finally, because the township's complaint was dismissed on other grounds, which we have sustained, the amendment of the complaint, even though it would have been otherwise proper, would have been a vain act, which the court will not require. It is well accepted that the law will not require a vain act. Gerhold v. Papathanasion (1936),130 Ohio St. 342, 199 N.E. 353.
 {¶ 47} The fourth assignment of error is overruled.
 {¶ 48} Having overruled all of Appellant's assignments of error, we affirm the judgment of the trial court.
BROGAN, J. and FAIN, J., concur *Page 16 
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1