*395 Cupp, J.,
dissenting.
{¶ 25} I respectfully dissent because I believe that a township that files a resolution objecting to an annexation petition pursuant to R.C. 709.023(D) is a “party” that has standing to request a writ of mandamus to compel the board of county commissioners to perform its duties pursuant to R.C. 709.023(G). I further conclude that a board of county commissioners reviewing an annexation under R.C. 709.023(F) has a clear legal duty to state in its resolution whether all seven conditions set forth in R.C. 709.023(E) have been met. Accordingly, I would reverse the court of appeals’ judgment.
{¶ 26} R.C. 709.023 provides an expedited procedure for annexing land into a municipal corporation. All the property owners within the territory to be annexed must agree to the annexation and sign the annexation petition. Under R.C. 709.023(G), there is no appeal from a board of county commissioners’ entry of a resolution on an annexation petition under that statute, but “any party” may seek a writ of mandamus to compel the board to perform its duties under R.C. 709.023. The majority concludes that a township is not a party for R.C. 709.023(G) purposes, because the definition of “party” set forth in R.C. 709.021, which includes townships, is not specifically made applicable to R.C. 709.023 annexation proceedings.
{¶ 27} In my view, the fact that R.C. 709.021(D) does not specify that its definition of “party” or “parties” applies to R.C. 709.023 is not dispositive of the question before us. R.C. 709.023 does not define who is a “party” who may bring a mandamus action under R.C. 709.023(G). However, R.C. 709.023(D) provides that a township, a portion of which is included in the territory proposed for annexation, may adopt and file with the board of county commissioners a resolution objecting to the proposed annexation on the basis of the proposal’s failure to meet any of the conditions specified in R.C. 709.023(E). If a township objects to the annexation, the board of county commissioners must determine whether the conditions specified in R.C. 709.023(E) have been met. If the board of county commissioners “finds that each of the conditions specified in division (E) * * * has been met, [the board of commissioners] shall enter upon its journal a resolution granting the annexation.” R.C. 709.023(F). If, however, the board of commissioners finds that “one or more of the conditions specified in division (E) * * * have not been met, it shall enter upon its journal a resolution that states which of those conditions the board finds have not been met and that denies the petition.” R.C. 709.023(F).
{¶ 28} Taken together, the provisions allowing a township to object to a proposed annexation under R.C. 709.023 and requiring the board of county commissioners to determine whether the seven conditions specified in R.C. 709.023(E) for such an annexation have been met show that a township, some of *396 whose territory is to be annexed, is a “party” who may file a mandamus action under R.C. 709.023(G). As the township and its amici point out, only the township has an interest in challenging an improperly approved annexation under R.C. 709.023. Surely R.C. 709.023 does not expressly allow affected townships to object to an annexation and to require the board of county commissioners to determine whether all of the statutorily specified conditions for such annexations have been met, only to exclude townships from filing a mandamus action under division (G) to challenge an improperly approved annexation. By contrast, R.C. 709.024(G), pertaining to a different type of expedited annexation proceeding, expressly provides that only “[a]n owner who signed the petition” may appeal from a denial of the annexation petition, that “[n]o other person has standing to appeal the board’s decision in law or in equity,” and that “[i]f the board grants the annexation, there shall be no appeal in law or in equity.”
Newhouse, Prophater, Letcher & Moots, L.L.C., and Wanda L. Carter, for appellant.
{¶ 29} In my view, a contested annexation petition under R.C. 709.023 can be approved only if the board of county commissioners finds that all of the seven conditions listed in division (E) of the statute exist. See R.C. 709.023(F). I would hold that a board of commissioners has a clear legal duty to make a finding that all of the seven conditions listed in R.C. 709.023(E) have been met in its resolution approving an annexation.
{¶ 30} After declaring that this issue was moot in light of its determination that Butler Township lacked standing to file the mandamus action, the court of appeals opined: “R.C. 709.023(E) and (F) do not require the Board of County Commissioners to make express findings that analyze how all seven conditions in R.C. 709.023(E) have been met. The statute only requires the Commissioners to identify, and not to thoroughly explain and/or discuss, the conditions that have not been met when a petition has been denied.” State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs., Montgomery App. No. 22664, 2008-Ohio-6542, 2008 WL 5196445, ¶ 35. Thus, the court of appeals did not decide whether the board of commissioners complied with its clear legal duty to make findings that sufficiently addressed all of the seven conditions in R.C. 709.023(E) in granting the annexation. Accordingly, I would reverse the court of appeals’ judgment and remand this matter to that court for a determination whether the board of county commissioners’ resolution approving the annexation in this case satisfied the requirement that the board of commissioners find that all of the seven conditions in R.C. 709.023(E) have been met.
Lundberg Stratton, J., concurs in the foregoing opinion.
*397 Brahm & Cunningham, L.L.C., Catherine A. Cunningham, and Richard C. Brahm, for appellee Joseph P. Moore, agent for Waterwheel Farm, Inc.
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and John A. Cumming, Assistant Prosecuting Attorney, for appellee Montgomery County Board of County Commissioners.
Moore & Associates and Joseph P. Moore, for appellee city of Union.
Rinehart & Rishel, Ltd., and Christopher A. Rinehart; and Brown Law, Ltd., and Stephen D. Brown, urging reversal for amicus curiae Berlin Township Board of Trustees.
Loveland & Brosius, L.L.C., Donald F. Brosius, and Peter N. Griggs, urging reversal for amici curiae Ohio Township Association and the Coalition of Large Ohio Urban Townships.
John E. Gotherman, urging affirmance for amicus curiae Ohio Municipal League.