[Cite as *State v. Crumpler*, 2012-Ohio-2601.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellant/Cross-Appellee

v.

KHALILAH E. CRUMPLER, et al.

    Appellees/Cross-Appellants

C.A. Nos.    26098
                   26118


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-12-8145

DECISION AND JOURNAL ENTRY

Dated: June 13, 2012

---

DICKINSON, Judge.

INTRODUCTION

{¶1}    Khalilah Crumpler, an unemployed student, was driving a Hummer with over $677,000 of suspiciously packaged cash in it when police stopped her for a minor traffic violation and arrested her on an outstanding warrant. Police obtained a search warrant for her residence and there found some marijuana, over $10,000 in cash, and various pieces of jewelry, some of which had price tags on them. When the State filed a civil forfeiture action against her for the items seized from her house, she moved to suppress the evidence and dismiss the complaint, arguing that the search warrant was not based on probable cause and failed to satisfy the particularity requirement. She also argued that the State had no right to retain seized property absent a nexus between the property and a crime. The trial court determined that the search warrant was properly issued on a finding of probable cause, but granted the motion in regard to the money and the jewelry that did not have price tags on it because the State had failed

to prove those items were instrumentalities of a crime under Section 2981.02 of the Ohio Revised Code. The State appealed, and Ms. Crumpler cross-appealed. This Court reverses in part the judgment of the trial court because (1) it should have denied the motion to suppress based on its finding that the search warrant was validly issued on probable cause and that it met the particularity requirement and (2) the trial court incorrectly granted the motion to dismiss in part based on the State's failure to prove the ultimate issue at a time when that issue was not before the court. This Court affirms in part the judgment of the trial court because Ms. Crumpler does not have standing to challenge the seizure of property in which she does not claim any interest.

## BACKGROUND

{¶2} In December 2010, the State filed a civil forfeiture complaint against Ms. Crumpler under Section 2981.05 of the Ohio Revised Code. According to the complaint, Twinsburg police had stopped Ms. Crumpler for an equipment violation on the Hummer she was driving in the early morning hours of October 20, 2010. Due to an outstanding warrant from Mayfield Heights, police arrested her. Following her arrest, police seized $677,660.00 from the rear of the Hummer. The money was wrapped in dryer sheets and/or saran wrap and was then secured into three bundles using rubber bands. When the Hummer was impounded, a drug-sniffing dog alerted several times on the vehicle and the bundles of money. According to the complaint, officers believed that the alerts indicated that the Hummer and the cash had been involved in narcotics trafficking. The next day, police secured a search warrant for a home on Granby Circle in Twinsburg where Ms. Crumpler was living.

{¶3} According to the affidavit in support of the search warrant, Detective Mark Kreiger learned about Ms. Crumpler's traffic stop shortly after it happened. Police contacted

Detective Kreiger because he was involved in an ongoing drug trafficking investigation of the Granby Circle house. The Detective wrote in his affidavit that the Hummer Ms. Crumpler was driving at the time of the traffic stop was often parked at the house he had been investigating. He also wrote that, in the Hummer, officers found "three separate bags containing an extremely large amount of U.S. currency some wrapped in dryer sheets and saran wrap. These bundles were wrapped according to the denomination of the bill and in different numerical figures, which based on [Detective Kreiger's] training and experience is indicative of a large-scale narcotics trafficking organization."

{¶4} While officers executed the search warrant at the Granby Circle house, a canine sniff revealed a bag of marijuana in a jewelry box on a dresser in the master bedroom. Police also seized over $10,000 in cash, $4250 of which was wrapped similarly to the cash police had seized from the Hummer. They also seized a number of pieces of jewelry, including several bracelets, watches, necklaces, and rings. Some of the jewelry had price tags on it. The State alleged that all the items were forfeitable as either "[p]roceeds" or "instrumentalit[ies]" of crimes as described in Section 2981.02 of the Ohio Revised Code.

{¶5} Ms. Crumpler answered the complaint and moved the court to dismiss it and suppress the evidence of the property seized from her home. Citing Section 2981.03(A)(4) of the Ohio Revised Code, Ms. Crumpler argued that, because the search warrant was not based on probable cause, police had unlawfully seized the items. She also moved under Rule 12(C) of the Ohio Rules of Civil Procedure for the court to dismiss the complaint against her for two reasons. First, she argued the complaint should be dismissed because the items were unlawfully seized. Second, she argued that the complaint failed to state a claim for forfeiture under the statute.

{¶6} Following a hearing, the trial court ruled that the search warrant had been validly issued and that the seizures were authorized. It determined that Ms. Crumpler generally had standing to challenge the search and seizure because she testified that she was living in the house at the time of the search, but that she lacked standing to contest the seizure of the jewelry that had price tags on it because she testified that she did not own those pieces. It held that the marijuana was subject to forfeiture as contraband. In regard to the money and the jewelry that Ms. Crumpler said she owned, the court determined that, despite the "highly suspicious" circumstances, the State had failed to present evidence that those items were instrumentalities of a crime under Section 2981.02 of the Ohio Revised Code. Therefore, the court granted the motion to suppress and dismissed the forfeiture complaint except as it related to the marijuana and the jewelry with price tags on it.

{¶7} The State appealed that ruling, and its appeal was assigned case number 26098. Ms. Crumpler cross-appealed the judgment, and her appeal received case number 26118. This Court consolidated the two appeals in February 2012. Because Ms. Crumpler has admitted that the marijuana was forfeitable as contraband under Section 2981.02(A)(1), our discussion is limited to questions regarding the money and the jewelry.

UNLAWFUL SEIZURE

{¶8} Ms. Crumpler's first assignment of error on her cross-appeal is that the trial court incorrectly determined that the search warrant was validly issued and that the seizures were lawful. She has argued that the seizures were unlawful because the search warrant was issued without probable cause, contained false and misleading statements, and failed to satisfy the particularity requirement.

Probable Cause

**{¶9}** Under Section 2981.03(A)(4) of the Ohio Revised Code, "[a] person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court[.]" The motion must "show[ ] the person's interest in the property, state[ ] why the seizure was unlawful, and request[ ] the property's return." R.C. 2981.03(A)(4). "If the motion is filed by a defendant after an indictment, information, or complaint seeking forfeiture of the property has been filed, the court shall treat the motion as a motion to suppress evidence." *Id.*

**{¶10}** A court issuing a search warrant is required to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . , including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George*, 45 Ohio St. 3d 325, paragraph one of the syllabus (1989) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). "In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant . . . . a reviewing court is simply to ensure that the [trial court] had a substantial basis for concluding that probable cause existed." *Id.* at paragraph two of the syllabus. "[R]eviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id.* at 330 (citing *Gates*, 462 U.S. at 237 n.10). The question in this case is whether under the totality of the circumstances, Detective Kreiger's affidavit provided a substantial basis for the court's conclusion that there was a fair probability that evidence of drug trafficking would be found in Ms. Crumpler's residence. *See id.* "[O]nly the probability, and not a prima facie showing, of criminal activity is the standard of probable cause" applicable to the

issuing of a search warrant. *Id.* at 329 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969), abrogated on other grounds by *Illinois v. Gates*, 462 U.S. 213 (1983)).

{¶11} Detective Mark Kreiger submitted an affidavit in support of the search warrant to search the house at 2938 Granby Circle for "[b]ooks, records, receipts, notes, ledgers and other papers and electronic equipment to store information relating to the possession, transportation, ordering, purchase and distribution of controlled substances . . . bank statements and records and other items evidencing the obtaining, secreting, transfer and/or concealment and/or expenditure of money; financial proceeds, namely U.S. [c]urrency . . . and other fruits, instrumentalities and evidence related to drug trafficking." The affidavit indicated that any items seized would be used in the prosecution of various crimes including trafficking in drugs, engaging in a pattern of corrupt activity, and conspiracy. Detective Kreiger testified by affidavit that he started investigating the Granby Circle house after he received information from a confidential informant in June 2010 indicating that the people renting the house were selling illegal drugs based on the way "people [were] coming and going [at] all hours of the day and night."

{¶12} The informant gave him information about various cars that are "usually" seen at the house, including one that was registered to "Vincent Shaw at 2994 Ripley Road in Shaker Heights." According to the detective, Mr. Shaw "has a criminal history of trafficking/possession of drugs, criminal tools, carrying concealed weapons, weapons under disability, and assault."

{¶13} The confidential informant also told the detective that he "usually" saw at the Granby Circle house a car that police learned was registered to Jimmie Goodgame at an address on Willowbrook Drive in Reminderville. Detective Kreiger wrote in the affidavit that Jimmie Goodgame owns Goodgame Heavenly Cleaners in Reminderville. The detective further wrote

that, in January 2010, he made a controlled purchase of cocaine from a man in Twinsburg who was driving a car registered to Goodgame Heavenly Cleaners in Reminderville.

{¶14} Detective Kreiger testified by affidavit that he was aware through his personal knowledge and training that "people who wrap their large sums of money in dryer sheets and saran wrap are trying to keep K-9 units from detecting any odors" and that drug traffickers similarly wrap "large amounts of narcotics" for the same reason. He also wrote that drug traffickers "often keep sums of U.S. currency on their person or within [a] residence" along with records and other documents identifying "other traffickers and purchaser[s] of [c]ontrolled [s]ubstances [with whom] . . . they are . . . in [c]onspiracy[.]"

{¶15} According to the affidavit, police stopped Ms. Crumpler driving a Hummer with over $677,000 in cash suspiciously wrapped as drug traffickers often do to avoid detection by drug dogs. She said that she did not own the Hummer, but that she usually drove it. She refused to answer any questions about the bundles of money and gave conflicting answers when asked for her home address by two different officers. Ms. Crumpler gave both the Granby Circle address and one in Shaker Heights. The Granby Circle address had been the focus of a long-standing investigation by local police due to suspicion of drug trafficking, and police knew the Hummer Ms. Crumpler was driving was frequently parked there. The Shaker Heights address that Ms. Crumpler gave police was that of Vincent Shaw, a man with a history of drug-trafficking who was known to frequent the Granby Circle house. On the night of the traffic stop, a drug-sniffing dog alerted multiple times on both the Hummer and the bundles of cash.

{¶16} Ms. Crumpler has correctly argued that the affidavit in support of the search warrant was confusing and poorly organized. Considering the totality of the circumstances, however, Detective Kreiger's affidavit gave the issuing court "a substantial basis" for concluding

that there was "a fair probability" that evidence of drug trafficking, conspiracy, and/or engaging in a pattern of corrupt activity would be found in the Granby Circle home where Ms. Crumpler was living. *See State v. George*, 45 Ohio St. 3d 325, 330 (1989). This Court is not being asked whether, in retrospect, we would have issued the warrant in this case. We are asked to determine whether the affidavit gave the issuing court a substantial basis for concluding there was a fair probability that evidence of drug trafficking would be found in the house where that Hummer containing suspiciously wrapped cash was usually parked. *See id.* "Considering the guidelines set for [our] review . . . , we must answer this question in the affirmative." *Id.* Thus, the trial court correctly determined that the search warrant was validly issued based on a finding of probable cause.

Veracity

{¶17} Ms. Crumpler has argued that the officers' reliance on the warrant was unreasonable because "they had to know" that the issuing court relied "on certain misleading and false statements." Although Ms. Crumpler has offered several conclusory statements in support of her argument, she has not cited any authority or presented any evidentiary materials to support it. "A defendant who seeks to overcome the presumption of validity accorded a warrant affidavit by making a substantial preliminary showing of a knowing, intentional, or reckless falsity has, under *Franks* [*v. Delaware*, 438 U.S. 154 (1978)], the task of supporting his allegations by more than conclusional accusations . . . ." *State v. Roberts*, 62 Ohio St. 2d 170, 177-78 (1980). Ms. Crumpler's argument on this point fails because she has not carried her initial burden of making a substantial preliminary showing that a false statement was knowingly and intentionally made in the warrant affidavit. *See id.* at 178.

Particularity

{¶18} Ms. Crumpler has also argued that the warrant was defective because it failed to particularly describe the items to be seized, thereby authorizing an exploratory search of her house. "The Fourth Amendment specifically commands that no warrants shall issue except those particularly describing the things to be seized." *State v. Dillard*, 173 Ohio App. 3d 373, 2007-Ohio-5651, ¶ 37 (2d Dist.). "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant." *Id.* (quoting *Marron v. United States*, 275 U.S. 192, 196 (1927)). "[T]he warrant must be sufficiently definite so that the officer executing it can identify the property sought with reasonable certainty." *Id.* (quoting *State v. Muldowney*, 292 A.2d 26, 29 (N.J. 1972)). Any broadly-worded catchall provision in a warrant "must be read in conjunction with the list of particularly described items which preceded it pertaining to the crimes alleged." *Id.* at ¶ 43 (quoting *State v. Napier*, 2d Dist. No. 17326, 1999 WL 249174, *2 (Apr. 16, 1999)).

{¶19} Ms. Crumpler has argued that the warrant was defective because the affidavit generically described a "laundry list of items" without attempting to connect them to any particular offense or any particular drug. She did not otherwise challenge the particularity of the description of items to be searched for or argue that a specific item should not have been seized based on the wording of the warrant. The affidavit is not defective for failure to limit itself to a particular controlled substance. It sufficiently described a list of items typically found where large-scale drug traffickers are operating such as cash and records of illegal drug transactions or money transfers. *See, e.g., State v. Oprandi*, 5th Dist. No. 07 CA 5, 2008-Ohio-168, ¶ 53.

Therefore, the list of items to be seized correlated with the potential offenses being investigated, that is, those stemming from a large scale drug-trafficking conspiracy. The trial court correctly determined that the warrant was validly issued based on Detective Kreiger's affidavit. Ms. Crumpler's first assignment of error is overruled.

STANDING

{¶20} Ms. Crumpler's second assignment of error on her cross-appeal is that the trial court incorrectly refused to return to her possession the jewelry that had price tags on it. She has argued that the State cannot retain the property in the absence of proof connecting the jewelry to a crime. The trial court determined that Ms. Crumpler did not have standing to contest the forfeiture of the jewelry that had price tags on it because she testified at the hearing that she did not own that jewelry. Ms. Crumpler has not presented any argument regarding standing.

{¶21} "Standing is a threshold test that, if satisfied, permits the court to go on to decide whether the [person] has a good cause of action, and whether the relief sought can or should be granted . . . ." *State v. Jamison*, 2d Dist. No. 23211, 2010-Ohio-965, ¶ 10 (quoting *State ex rel. Butler Twp. Bd. of Trs. v. Montgomery County Bd. of County Comm'rs*, 2d Dist. No. 22664, 2008-Ohio-6542, ¶ 11). Because Ms. Crumpler testified that the jewelry was not hers and that she did not know to whom it belonged, she does not have standing to challenge the State's civil forfeiture action in regard to it. Only "[a] person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure," and the motion must "show[ ] the person's interest in the property." R.C. 2981.03(A)(4). As she was not aggrieved by the State's seizure of the property that she does not own, Ms. Crumpler does not have standing to demand its return. *See Jamison*, 2010-Ohio-965 at ¶ 31. Ms. Crumpler's second assignment of error is overruled.

SUPPRESSION

{¶22} The State's assignment of error is that the trial court incorrectly suppressed the evidence of money and the jewelry without price tags on it and dismissed the forfeiture complaint insofar as it addressed those items. The State has argued that the trial court incorrectly determined the ultimate issue in the case, that is, whether the items were subject to forfeiture under the statute, following a hearing on a motion to suppress. According to Ms. Crumpler's motion, she sought suppression and the return of the seized items under Section 2981.03(A)(4) of the Ohio Revised Code and dismissal of the complaint based on Rule 12(C) of the Ohio Rules of Civil Procedure.

{¶23} Under Section 2981.03(A)(4), to the extent that a person can show an interest in property seized, she is permitted to seek relief from the seizure by filing a motion seeking an order returning the property. At a hearing on such a motion the person is required to "demonstrate by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property." R.C. 2981.03(A)(4). If the motion is filed after a civil forfeiture complaint is filed against the person, as occurred in this case, then the court is required to treat the motion as one to suppress evidence. *Id.* Like a motion to suppress, a motion filed under Section 2981.03(A)(4) is necessarily based on the argument that the person was "aggrieved by an alleged unlawful seizure." *Id.* Whether the seizure was lawful, however, is just a preliminary step on the way to determining the ultimate issue, that is, whether the seized property is "subject to forfeiture." R.C. 2981.05(D).

{¶24} Under Section 2981.05(D), a "court shall issue a civil forfeiture order if it determines that the prosecutor has proved by a preponderance of the evidence that the property is subject to forfeiture under section 2981.02 of the Revised Code, and . . . the trier of fact

specifically describes the extent of the property to be forfeited." The State has argued that the question of whether the items seized were "subject to forfeiture under section 2981.02" was not at issue during the suppression hearing.

**{¶25}** In this case, for all of the reasons explained above, the trial court correctly disagreed with Ms. Crumpler's suppression argument that the seizures were illegal because the search warrant was defective. The sufficiency of the search warrant affidavit was the only issue before the trial court at the July 20, 2011, hearing. Ms. Crumpler's motion to suppress did not raise the ultimate issue of whether the property was subject to forfeiture under the statute. Further, the trial court scheduled a "suppress[ion] hearing" not a "forfeiture hearing." At the hearing, the trial court asked Ms. Crumpler's lawyer if he agreed that the State did not need to put on any evidence. Her lawyer responded that he thought the State "ha[d] to justify the seizure of every item that's on the inventory." The prosecutor disagreed because the court could determine whether the items were properly seized by looking at the warrant, the affidavit, and the inventory. The State did not need to prove that each item was subject to forfeiture under the statute in order to address the issue of whether it was properly seized under the warrant. Based on its decision that the warrant and the seizures were valid, the trial court should have denied the motion to suppress. The ultimate issue in this case, that is, whether the seized items are subject to forfeiture, was not raised by the suppression motion and should not have been considered by the court in rendering its decision on that motion. As in any case in which a party argues for suppression of evidence, the court must rule on the motion before the parties can proceed to litigating the ultimate issue. To the extent that it addressed the suppression order, the State's assignment of error is sustained.

DISMISSAL

**{¶26}** Ms. Crumpler also moved the court to dismiss the complaint against her under Rule 12(C) of the Ohio Rules of Civil Procedure. The State has argued that the trial court incorrectly dismissed the forfeiture claims in regard to the money and the jewelry that did not have price tags on it. Rule 12(C) governs defendants' motions for judgment on the pleadings, which are treated as belated motions for failure to state a claim upon which relief may be granted. *Terry v. Ottawa County Bd. of Mental Retardation & Developmental Disabilities*, 151 Ohio App. 3d 234, 2002-Ohio-7299, ¶ 8. When a defendant files a motion under Rule 12(C), "dismissal is appropriate [if] a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV Inc. v. Pontious*, 75 Ohio St. 3d 565, 570 (1996). We review the trial court's decision de novo. *Pinkerton v. Thompson*, 174 Ohio App. 3d 229, 2007–Ohio–6546, ¶ 18 (9th Dist.).

**{¶27}** In the complaint, the State alleged that Ms. Crumpler had been arrested on an outstanding warrant following a traffic stop. The State wrote that the Hummer she was driving contained over $677,000 dollars suspiciously wrapped in saran wrap and dryer sheets, in the manner of drug traffickers attempting to avoid detection by drug-sniffing dogs. Despite the wrapping, however, a drug-sniffing dog had repeatedly alerted on both the Hummer and the cash. The State further alleged that Ms. Crumpler told her arresting officer that she lived at 2938 Granby Circle in Twinsburg, which had been under surveillance by the local police department due to suspicion of drug trafficking at that location. Police had noticed the Hummer she was driving parked at the Granby Circle home.

{¶28}  The State also wrote that, when police searched the house, they found marijuana, jewelry, and cash.  In the master bedroom, they found $6000 in fifty-dollar bills.  In a purse in the kitchen, police found $4250 "rubber banded together and wrapped" like the money found in the Hummer.   The State alleged in the complaint that the items seized were instrumentalities or proceeds of a crime as described in Section 2981.02(A).  In support of its allegation, the State wrote that "[l]arge sums of money, wrapped as this money was, indicate the commission or facilitation of crimes."  It also alleged that Ms. Crumpler "is unemployed and attending school," has not filed a tax return with the State of Ohio from 2006 through 2009, and "has made numerous cash bank deposits from 2007 through 2010."

{¶29}  The trial court granted Ms. Crumpler's motion in part and dismissed the forfeiture complaint in regard to all of the money and the jewelry that did not have price tags on it.  The trial court reasoned that, despite the "highly suspicious" circumstances, "the State failed to present evidence that the money and jewelry found in the . . . home were instrumentalities of a crime" under Section 2981.02.

{¶30}  The State has correctly argued that the ultimate issue of forfeiture was not before the court at the hearing on Ms. Crumpler's motion.  Resolution of the motion to dismiss did not require consideration of anything added to the record during the suppression hearing.  The motion required the court to "limit its inquiry to the material allegations contained in the complaint and accept those allegations and reasonable inferences as true."  *Terry v. Ottawa County Bd. of Mental Retardation & Developmental Disabilities*, 151 Ohio App. 3d 234, 2002-Ohio-7299, ¶ 8.

{¶31}  Under Section 2981.02, property is forfeitable as "[p]roceeds derived from or acquired through the commission of an offense."  R.C. 2981.02(A)(2).  "In cases involving

unlawful goods . . . 'proceeds' means any property derived directly or indirectly from an offense." R.C. 2981.01(B)(11)(a). It "may include, but is not limited to, money or any other means of exchange." *Id.* "'Offense' means any act or omission that could be charged as a criminal offense . . . whether or not a formal criminal prosecution . . . began at the time the forfeiture is initiated." R.C. 2981.01(B)(10).

**{¶32}** Property is also forfeitable if it is an instrumentality "used in or intended to be used in the commission or facilitation of" an offense as described in Section 2981.02(A)(3) "when the use or intended use . . . is sufficient to warrant forfeiture" under Chapter 2981. R.C. 2981.02(A). The permissible offenses include any felony, a misdemeanor under certain circumstances, and "[a]n attempt to commit, complicity in committing, or a conspiracy to commit" any felony or a misdemeanor under certain circumstances. R.C. 2981.02(A)(3)

**{¶33}** Limiting our review to the complaint, taking all the allegations as true, and drawing all reasonable inferences in favor of the State, we cannot say "beyond doubt," that the State could prove no set of facts in support of its claims that would entitle it to forfeiture of the money and jewelry it seized from the Granby Circle house. *State ex rel. Midwest Pride IV Inc. v. Pontious*, 75 Ohio St. 3d 565, 570 (1996). Therefore, the trial court incorrectly granted the motion to dismiss. To the extent that it addressed the dismissal of the complaint, the State's assignment of error is sustained.

## CONCLUSION

**{¶34}** Ms. Crumpler's first assignment of error on her cross-appeal is overruled because the search warrant was validly issued on a finding of probable cause and it met the particularity requirement. Her second assignment of error is overruled because she does not have standing to challenge the seizure of property in which she does not claim any interest. The State's

assignment of error is sustained because the trial court incorrectly granted the suppression motion in part despite having determined that the warrant and the seizures were valid and incorrectly dismissed the complaint in part based on the State's failure to prove the ultimate issue at a time when that issue was not before the court. The judgment of the Summit County Common Pleas Court is affirmed in part, reversed in part, and the matter is remanded for proceedings consistent with this opinion.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees/Cross-Appellants.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, P. J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶35} I concur solely on the basis that Detective Krieger's affidavit was sufficient to establish probable cause for the issuance of the search warrant.

APPEARANCES:

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellant/Cross-Appellee.

JAMES R. WILLIS and MYRON P. WATSON, Attorneys at Law, for Appellees/Cross-Appellants.