OPINION JUDGMENT ENTRY
{¶ 1} Appellants Mansfield City Council; Lisa Grove, Clerk Mansfield City Council; and Alan Vasu (hereinafter "appellants") appeal the decision of the Richland County Court of Common Pleas that determined Appellee Washington Township Board of Trustees ("township") had standing to file a complaint for declaratory judgment, injunctive relief and a writ of prohibition against appellants. Appellants also appeal the trial court's decision that Mansfield's Ordinance No. 03-128 is invalid. The following facts give rise to this appeal.
 {¶ 2} On December 2, 2002, Attorney Joseph Olecki, acting as agent for the H.F. Bolesky Trust, filed, with the Richland County Board of Commissioners, an annexation petition seeking to annex 58.94 acres of land from Washington Township to the City of Mansfield. Thereafter, on December 17, 2002, Mansfield City Council passed Ordinance Nos. 02-360 and 02-361 which indicated an intent by the City of Mansfield to provide services to the proposed annexed territory and that a buffer would be required of the annexed territory for uses incompatible to permitted uses.
 {¶ 3} On January 16, 2003, the Richland County Board of Commissioners passed a resolution finding the petition was in compliance with R.C. 709.023 and therefore, granted it. The Clerk of the Board of Commissioners delivered the petition to the Clerk of Mansfield City Council on January 23, 2003. On April 1, 2003, a legal notice was published, in the Mansfield News Journal, announcing that a public hearing on the proposed annexation would be held, in city council chambers, on April 14, 2003. At its regular meeting on May 20, 2003, city council discussed Bill No. 03-130 titled "Accepting annexation of approximately 58.94 acres of land adjacent to the southern portion of the City in the vicinity of and east of South Main Street." Following discussion of the bill, a vote was taken and the bill did not pass.
 {¶ 4} At the next regular meeting of city council on June 3, 2003, Councilwoman Deanna Torrence, who was not present at the previous council meeting, moved, pursuant to Section 121.01(f)(8) of the Mansfield Codified Ordinances, to reconsider Bill No. 03-130. The motion for reconsideration passed by a majority vote. Immediately thereafter, Bill No. 03-130 was read and reconsidered. Upon motion, the bill was passed by a vote of five to three accepting the annexation. Bill No. 03-130 became Ordinance No. 03-128.
 {¶ 5} On June 11, 2003, the township filed a complaint for declaratory judgment, injunctive relief and a writ of prohibition against the City Council of Mansfield and Council Clerk Lisa Grove alleging that Mansfield's legislative action annexing a parcel of property from Washington Township, into Mansfield, was invalid. The township also filed a motion for preliminary injunction and a temporary restraining order. On July 15, 2003, city council filed a motion to dismiss the township's complaint on the grounds that it failed to state a claim upon which relief could be granted and the township did not have standing to commence this action.
 {¶ 6} On that same date, the trial court conducted a hearing on the township's motion for a preliminary injunction. On August 14, 2003, the trial court filed a judgment entry finding the township had standing, that Mansfield's Ordinance No. 03-128 was invalid and that a preliminary injunction was unnecessary. On September 10, 2003, the trial court entered judgment finding its entry of August 14, 2003 to be a final judgment pursuant to Civ.R. 54.
 {¶ 7} Both Mansfield City Council[1] and Alan Vasu[2] timely filed notices of appeal. The cases were consolidated for purposes of appeal. The parties raise the following assignments of error for our consideration:
 Mansfield City Council's Appeal {¶ 8} "I. The trial court erred when it found that the washington township board of trustees had standing to commence this action against mansfield city council and its clerk.
 {¶ 9} "II. The trial court erred when it declared Mansfield City Ordinance No. 03-128 invalid."
 Alan Vasu's Appeal {¶ 10} "I. The trial court erred in holding that before a mansfield city council member may move for reconsideration of a matter, the member must provide notice to other council members.
 {¶ 11} "II. The trial court erred in finding that Bill No. 2003-130 was not distributed to mansfield city council members not later than the Friday preceding the June 3, 2003, city council meeting at which it was reconsidered in compliance with city council Rule E1.
 {¶ 12} "III. The trial court erred in invalidating Mansfield City Council's adoption of Bill No. 2003-130 due to city council's alleged noncompliance with an internal rule of council.
 {¶ 13} "IV. The trial court erred in holding that the washington township board of trustees had standing under Chapter 709 of the ohio revised code to challenge Mansfield City Council's acceptance of an annexation petition under Chapter 709."
 Mansfield City Council's Assignment of Error I Alan Vasu's Assignment of Error IV {¶ 14} We will address Mansfield City Council's First Assignment of Error and Alan Vasu's Fourth Assignment of Error simultaneously as we find the issue raised in these assignments of error is dispositive of this matter on appeal. In these assignments of error, appellants maintain the township did not have standing, under R.C. Chapter 709, to challenge Mansfield City Council's acceptance of the annexation petition. We agree.
 {¶ 15} The question of standing is an issue of law, which we review de novo. In re Estate of Herrick, Cuyahoga App. No. 82057, 2003-Ohio-3025, at ¶ 7. Under a de novo review, an appellate court does not give deference to a trial court's determination. Tamarkin Co. v. Wheeler (1992),81 Ohio App.3d 232, 234. In its judgment entry, the trial court determined the township had standing based upon several sections of the Ohio Revised Code. Specifically, the trial court stated:
 {¶ 16} "R.C. § 702.02(D) makes the Township a party in a R.C. § 709.023 annexation. R.C. § 709.023 requires notice to the Township. R.C. § 709.023(D) gives the Township the right to consent or object to the annexation. What's more, R.C. § 505.62
gives a township the right to hire attorneys `for any potential or pending annexation action, including proceedings before a board of county commissioners or any court.'" Judgment Entry, Aug. 14, 2003, at 3.
 {¶ 17} The annexation petition, in the case sub judice, was filed pursuant to R.C. 709.023.[3] This statute is one of three new expedited annexation procedures applicable when one hundred percent of the land owners, in a portion of a township, petition a county board of commissioners to be annexed into a municipality. Each of the three expedited annexation procedures provides that there is no appeal, in law or equity, from the board's entry of any resolution approving an annexation petition. The township concedes that it may not appeal the decision of the Richland County Commissioners to grant the annexation petition.
 {¶ 18} Instead, the township maintains it has an independent right to contest the legislative actions of Mansfield City Council. In support of this argument, the township cites the case of Taylor v. City of London, 88 Ohio St.3d 137, 2000-Ohio-278. The issue decided, by the Ohio Supreme Court, in Taylor, was whether "* * * city council had the authority to enact emergency legislation accepting the applications for annexations of the two parcels of land to the city of London." Id. at 139. The Court concluded the enactment of emergency legislation by a municipality accepting an application for annexation is not prohibited by R.C. 709.10 or Section 1f, Article II of the Ohio Constitution. Id. at 143. The Court also concluded emergency legislation adopted by a municipality is not subject to referendum. Id.
 {¶ 19} The township refers to a statement made by the Court, in the Taylor decision, that the residents of the City of London did not have an opportunity to seek an injunction prior to the adoption of the ordinance accepting annexation. Id. at 141. The residents lacked this opportunity because the act of accepting the annexation by emergency ordinance was the very action the residents challenged. Id. Based upon this language, the township concludes, in the case sub judice, that Mansfield City Council's actions are reviewable and it has standing to challenge said actions.
 {¶ 20} For two reasons, we find the Taylor decision unpersuasive as it pertains to the township's argument regarding standing. First, the annexation procedure utilized in Taylor
did not involve any of the three new expedited procedures contained in R.C. 709.022, 709.023 or 709.024. Instead, inTaylor, a majority of the owners of real estate, in the territory proposed for annexation, filed a petition. Id. at 139. The annexation petition in the matter before this court involves an annexation petition filed by one hundred percent of the property owners in the territory proposed for annexation.
 {¶ 21} Second, the Taylor decision is not dispositive of this matter because in Taylor residents of the City of London challenged the emergency ordinances accepting the annexation petitions. However, in the case sub judice, it is not the residents of the City of Mansfield challenging the annexation but instead the township from which the property is sought to be annexed. Based upon these factual distinctions, we conclude theTaylor decision does not support the township's argument that it has standing in this matter.
 {¶ 22} We also conclude the township does not have standing to challenge the actions of Mansfield City Council because such right is not granted to it by statute. This court has held that:
 {¶ 23} "* * * [T]ownships are creatures of statute and have no inherent power. They, like the Zoning Board of Appeals, as creatures of statute, have only those powers expressly authorized or necessarily implied from the expressed grant of statutory power and the mode prescribed for the exercise of that power is itself the limit upon the power. This rubric of township law is well settled and of long standing. [Citations omitted.]"American Sand Gravel, Inc. v. Fuller (Mar. 16, 1987), Stark App. Nos. CA-6952, CA-7067, at 1. See also, Cassetty v. Kinney
(Sept. 24, 1984), Stark App. No. CA-6378, at 2.
 {¶ 24} As noted above, the petition for annexation was filed pursuant to R.C. 709.023. Under Section (E)(1) through (7) of this statute, a board of county commissioners is required to review the petition for annexation to determine if certain conditions are met. According to R.C. 709.023(D), a township's ability to object "* * * to the proposed annexation shall be based solely upon the petition's failure to meet the conditions specified in division (E) of this section." The conditions specified in (E)(1) through (7) are as follows:
 {¶ 25} "(1) The petition meets all the requirements set forth in, and was filed in the manner provided in, section 709.021
* * * of the Revised Code.
 {¶ 26} "(2) The persons who signed the petition are owners of the real estate located in the territory proposed for annexation and constitute all of the owners of real estate in that territory.
 {¶ 27} "(3) The territory proposed for annexation does not exceed five hundred acres.
 {¶ 28} "(4) The territory proposed for annexation shares a contiguous boundary with the municipal corporation to which annexation is proposed for a continuous length of at least five percent of the perimeter of the territory proposed for annexation.
 {¶ 29} "(5) The annexation will not create an unincorporated area of the township that is completely surrounded by the territory proposed for annexation.
 {¶ 30} "(6) The municipal corporation to which annexation is proposed has agreed to provide to the territory proposed for annexation the services specified in the relevant ordinance or resolution adopted under division (C) of this section.
 {¶ 31} "(7) If a street or highway will be divided or segmented by the boundary line between the township and the municipal corporation as to create a road maintenance problem, the municipal corporation to which annexation is proposed has agreed as a condition of the annexation to assume the maintenance of that street or highway or to otherwise correct the problem. * * *"
 {¶ 32} If the annexation petition meets the above criteria set forth in R.C. 709.023(E)(1) through (7), a board of county commissioners must approve the annexation. See R.C. 709.023(F). Thus, once the board of county commissioners approves the petition for annexation, the Revised Code provides no other means for a township to challenge the annexation except that a township may file a writ of mandamus to compel the board of county commissioners to perform its duties. See R.C. 709.023(G). However, a mandamus action is limited to the issues defined in R.C. 709.023(E). Further, R.C. 709.023(G) specifically provides "* * * [t]here is no appeal in law or equity from the board's entry of any resolution under this section * * *."
 {¶ 33} We recognized this limitation in Violet Twp. Bd. ofTwp. Trustees v. City of Pickerington, Fairfield App. No. 02-CA-41, 2003-Ohio-845, wherein we stated:
 {¶ 34} "* * * [W]here the law provides a statutory scheme for review of an issue, injunction or declaratory action does not lie outside of that scheme. * * * [A]ll of the trustees rights and claims are limited to the statutory scheme for annexation contained in Title VII of the Revised Code." Id. at ¶ 12. This limitation on townships is in contrast to a township's appeal remedy under R.C. 709.07, which permits a township to file an administrative appeal from the board of county commissioners' grant or denial of a less than unanimous annexation petition. However, this right to appeal only applies to majority owner annexations and not one hundred percent annexations.
 {¶ 35} Finally, the fact that townships are permitted to hire attorneys for any potential or pending annexation action does not establish that they have standing to challenge city council's actions. The use of retained counsel is limited by statute to either pursue a mandamus action under R.C. 709.023(G) or an administrative appeal under R.C. 709.07. The right to retain counsel cannot be interpreted to expand the substantive rights of a township to participate in annexation proceedings beyond what has been specified by the General Assembly.
 {¶ 36} Appellants Mansfield City Council et al.'s First Assignment of Error is sustained. We will not address Mansfield City Council et al.'s Second Assignment of Error as it is moot based upon our disposition of its First Assignment of Error.
 {¶ 37} Appellant Alan Vasu's Fourth Assignment of Error is sustained. We will not address the merits of Appellant Vasu's First, Second or Third Assignments of Error as they are moot based upon our disposition of Appellant Vasu's Fourth Assignment of Error.
 {¶ 38} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed.
Wise, J., Gwin, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed.
Costs assessed to Appellee Washington Township.
[1] Mansfield City Council's appeal is Case No. 03-CA-85.
[2] Alan Vasu's appeal is Case No. 03-CA-97.
[3] The other two expedited annexation procedures are contained in R.C. 709.022 and R.C. 709.024.