[Cite as *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 124 Ohio St.3d 390, 2010-Ohio-169.]

THE STATE EX REL. BUTLER TOWNSHIP BOARD OF TRUSTEES, APPELLANT, *v.*

MONTGOMERY COUNTY BOARD OF COMMISSIONERS ET AL., APPELLEES.

[Cite as *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 124 Ohio St.3d 390, 2010-Ohio-169.]

*A township that files a resolution objection to an annexation petition pursuant to*
*R.C. 709.023(D) is not a "party" as that term is used in R.C. 709.023(G).*

(No. 2009-0186 — Submitted October 20, 2009 — Decided January 28, 2010.)

APPEAL from the Court of Appeals for Montgomery County, No. 22664,
2008-Ohio-6542.

_____

SYLLABUS OF THE COURT

A township that files a resolution objecting to an annexation petition pursuant to
R.C. 709.023(D) is not a "party" as that term is used in R.C. 709.023(G)
and therefore lacks standing to seek a writ of mandamus to compel the
board of county commissioners to make findings on each of the conditions
set forth in R.C. 709.023(E).

_____

**O'DONNELL, J.**

{¶ 1}   The Butler Township Board of Trustees appeals from a decision of
the Second District Court of Appeals that affirmed the trial court's order
dismissing the township's petition for a writ of mandamus filed pursuant to R.C.
709.023(G).

{¶ 2}   The two issues presented in this appeal are whether the township
has standing to seek a writ of mandamus and, if it does, whether the board of
county commissioners had a clear legal duty to incorporate findings on all seven

conditions described in R.C. 709.023(E) into its resolution approving the annexation.

{¶ 3} After review, we conclude that a township is not a "party" as that term is used in R.C. 709.023(G) and therefore lacks standing to seek a writ of mandamus as provided in that section. Accordingly, we do not reach the issue regarding the obligation of the board of commissioners to make findings pursuant to R.C. 709.023(E).

## Facts and Procedural History

{¶ 4} On October 31, 2007, Waterwheel Farms, Inc., filed a petition with the Montgomery County Board of Commissioners to annex 78.489 acres of property it owned in Butler Township to the city of Union, pursuant to R.C. 709.023. Waterwheel, through its agent, gave the required statutory notice of the filing to Butler Township, the city of Union, and each of the adjacent property owners.

{¶ 5} On November 13, 2007, the Union City Council adopted Ordinance 1438, describing the services the city would provide to the proposed annexed property, and expressly providing that the city would maintain the portions of Jackson Road when maintenance issues arose from the annexation.

{¶ 6} On November 21, 2007, the Butler Township Board of Trustees adopted a resolution objecting to the annexation and filed it with the board of county commissioners. The township objected on two bases: first, it argued that the property fell within an area covered by a Joint Economic Development District ("JEDD") contract existing between the township and the city of Dayton, and it contended that R.C. 715.79 places a moratorium on annexation within a JEDD; second, it argued that the annexation would create alternating jurisdictions along portions of Jackson Road, causing road-maintenance problems, and no agreement existed for the city to assume maintenance of the road.

**{¶ 7}** On December 7, 2007, Waterwheel filed an opposition brief in which it admitted that the property is within a JEDD, but pointed out that the three-year moratorium on annexation set forth in R.C. 715.79 applies only when the JEDD contract is approved by the township electorate, and here no contract had been submitted to the electorate for a vote. Waterwheel also argued that R.C. 709.023(E)(7) does not require an agreement between a township and a municipality for road maintenance, but rather requires only that the city agree to maintain the road as a condition of the annexation; because the Union City Council had adopted an ordinance assuming maintenance of Jackson Road, it had satisfied the conditions of the statute as a matter of law.

**{¶ 8}** On December 11, 2007, the board of commissioners adopted a resolution approving Waterwheel's annexation petition. The resolution stated that six conditions set forth in R.C. 709.023(E) had been met; however, it did not address the seventh condition – the road-maintenance condition.

**{¶ 9}** On January 15, 2008, the township filed a complaint against Waterwheel, the city of Union, and the Montgomery County Board of Commissioners seeking a writ of mandamus to compel the board of commissioners to rescind annexation, a judgment declaring the resolution approving the annexation to be unlawful and void ab initio, and an injunction, if necessary, to prevent the city from taking any action in furtherance of the annexation. The city of Union moved to dismiss the complaint, alleging among other things that the township lacked standing to bring the action.

**{¶ 10}** The trial court ruled that the township lacked standing to file a claim in mandamus or for declaratory judgment because it did not fit the definition of "party" as that term is used in R.C. 709.023. The court therefore granted the city's motion to dismiss the complaint and denied the township's request for injunctive relief as moot.

{¶ 11} On appeal, the Second District Court of Appeals affirmed, holding that because a township is not a party to an R.C. 709.023 annexation, it lacks standing to petition for mandamus or seek declaratory relief, rendering moot the basis upon which to seek injunctive relief.

{¶ 12} The township appealed to this court, and we agreed to hear two propositions of law: first, whether a township board of trustees that objects to a proposed annexation pursuant to R.C. 709.023(D) is a "party" as that term is used in R.C. 709.023(G) and thereby has standing to seek a writ of mandamus against the board of commissioners; and second, whether a board of county commissioners reviewing an annexation petition has a clear legal duty to make findings regarding all seven conditions set forth in R.C. 709.023(E).

{¶ 13} Butler Township contends that R.C. 709.023 recognizes a township as a party with an interest in an annexation proceeding because that statute authorizes a township to adopt a resolution supporting or objecting to the proposed annexation. Thus, it urges the court to hold that a township has standing to seek a writ of mandamus in cases where a board of county commissioners fails to follow the law in approving an annexation petition. It further contends that it should be recognized as a party with standing to seek a writ of mandamus because Waterwheel and the city of Union agree to the annexation, and thus the appellate court's interpretation of the law leaves no party to challenge a board of county commissioners' approval of a petition that does not meet statutory requirements.

{¶ 14} Waterwheel, the city of Union, and the Montgomery County Board of Commissioners argue that R.C. 709.023 does not recognize a township as a party. They point out that while the legislature authorized a township to file a resolution objecting to an annexation proceeding, in R.C. 709.021(D), it defined the term "party" to include a township, but it did not make that definition applicable to R.C. 709.023.

4

{¶ 15} Thus, this case presents the question whether a township is a party that may seek a writ of mandamus in an R.C. 709.023 special annexation proceeding. This is a matter of statutory construction.

**Statutory Annexation**

{¶ 16} Prior to March 27, 2002, all annexations in Ohio initiated by private-property owners followed one procedure requiring that a majority of the property owners in a territory to be annexed sign the petition to initiate annexation. See former R.C. 709.02, Am.H.B. No. 732, 137 Ohio Laws, Part II, 3313. There were no special procedures to expedite the process, and no special procedures existed to govern situations in which all property owners desired annexation.

{¶ 17} As of March 27, 2002, the General Assembly's amendments to R.C. Chapter 709 and enactments of, inter alia, R.C 709.021, 709.022, 709.023, and 709.024 allow for expedited annexation procedures when all the property owners within a territory to be annexed agree to the annexation and sign an annexation petition. Am.Sub.S.B. No. 5, 149 Ohio Laws, Part I, 621, 625-634. R.C. 709.021 sets forth general guidelines for the special procedures for annexation in accordance with R.C. 709.022, 709.023, and 709.024. R.C. 709.022 provides for a special procedure for the annexation of land into a municipal corporation when all property owners, any township a portion of which is included within the territory proposed for annexation, and the municipality each consent to the annexation. R.C. 709.023 provides for a special procedure for the annexation of land into a municipal corporation when the land is not to be excluded from the township. And R.C. 709.024 provides a special procedure for the annexation of land into a municipal corporation for the purpose of undertaking a significant economic development project.

{¶ 18} Pertinent to the annexation in this case, R.C. 709.023(D) and (E) provide that the municipality to which annexation is proposed and any township a

portion of which is included within the territory proposed for annexation may adopt and file with the board of county commissioners a resolution consenting or objecting to the proposed annexation, and if either the municipality or a township objects to the annexation, the county commissioners must review the annexation petition to determine whether the conditions specified in R.C. 709.023(E) have been met. Pursuant to R.C. 709.023(F), if the board of county commissioners finds that the conditions have been met, it must grant the annexation, but if it instead finds that one or more of the conditions have not been met, it must so specify in a resolution denying the petition. R.C. 709.023(G) provides that there is no appeal in law or equity from the board's entry of any resolution under R.C. 709.023, but that any party may seek a writ of mandamus to compel the board to perform its duties.

### Analysis

{¶ 19} "Standing" is defined as a " 'party's right to make a legal claim or seek judicial enforcement of a duty or right.' " *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27, quoting Black's Law Dictionary (8th Ed.2004) 1442. Thus, whether Butler Township has standing to seek a writ of mandamus in this case depends upon whether the township is a party to an R.C. 709.023 special annexation proceeding.

{¶ 20} In construing statutes, reviewing courts must ascertain the intent of the legislature in enacting the statute. See *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599, ¶ 12. To determine intent, a court looks to the language of the statute. *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217. Here, the General Assembly expressed its intent regarding whether the township is a party for purposes of R.C. 709.023 by enacting R.C. 709.021(D), wherein it defined the term "party" as "the municipal corporation to which annexation is proposed, each township any portion of which is included within the territory proposed for annexation, and the

agent for the petitioners." However, subsection (D) expressly provides that this definition applies to R.C. 709.022 and 709.024, but R.C. 709.023 is not mentioned.

{¶ 21} " 'The canon expressio unius est exclusio alterius tells us that the express inclusion of one thing implies the exclusion of the other.' " *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 121 Ohio St.3d 560, 2009-Ohio-1355, 906 N.E.2d 409, ¶ 42, quoting *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 24. It is well recognized that a court cannot read words into a statute but must give effect to the words used in the statute. See generally *State ex rel. McDulin v. Indus. Comm.* (2000), 89 Ohio St.3d 390, 392, 732 N.E.2d 367; *Cleveland Elec. Illum. Co. v. Cleveland* (1988), 37 Ohio St.3d 50, 524 N.E.2d 441, paragraph three of the syllabus, citing *Columbus-Suburban Coach Lines v. Pub. Util. Comm.* (1969), 20 Ohio St.2d 125, 127, 49 O.O.2d 445, 254 N.E.2d 8.

{¶ 22} The General Assembly could have applied the R.C. 709.021(D) definition of "party" to R.C. 709.023 if it had intended to do so. It chose otherwise. Our duty is to construe the statutes as written. In doing so, we conclude that the General Assembly did not intend the definition of "party" in R.C. 709.021(D) to apply to R.C. 709.023; hence R.C. 709.021 does not confer party status on a township in an R.C. 709.023 special annexation proceeding.

## Conclusion

{¶ 23} Based on the foregoing, we conclude that a township that files a resolution objecting to an annexation petition pursuant to R.C. 709.023(D) in an R.C. 709.023 annexation proceeding is not a "party" as that term is used in R.C. 709.023(G) and therefore lacks standing to seek a writ of mandamus to compel the board of county commissioners to make findings on each of the conditions set forth in R.C. 709.023(E). This conclusion renders Butler Township's second proposition of law moot.

**{¶ 24}** Accordingly, we affirm the decision of the appellate court.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, and LANZINGER, JJ., concur.

LUNDBERG STRATTON and CUPP, JJ., dissent.

————————————

**CUPP, J., dissenting.**

**{¶ 25}** I respectfully dissent because I believe that a township that files a resolution objecting to an annexation petition pursuant to R.C. 709.023(D) is a "party" that has standing to request a writ of mandamus to compel the board of county commissioners to perform its duties pursuant to R.C. 709.023(G). I further conclude that a board of county commissioners reviewing an annexation under R.C. 709.023(F) has a clear legal duty to state in its resolution whether all seven conditions set forth in R.C. 709.023(E) have been met. Accordingly, I would reverse the court of appeals' judgment.

**{¶ 26}** R.C. 709.023 provides an expedited procedure for annexing land into a municipal corporation. All the property owners within the territory to be annexed must agree to the annexation and sign the annexation petition. Under R.C. 709.023(G), there is no appeal from a board of county commissioners' entry of a resolution on an annexation petition under that statute, but "any party" may seek a writ of mandamus to compel the board to perform its duties under R.C. 709.023. The majority concludes that a township is not a party for R.C. 709.023(G) purposes, because the definition of "party" set forth in R.C. 709.021, which includes townships, is not specifically made applicable to R.C. 709.023 annexation proceedings.

**{¶ 27}** In my view, the fact that R.C. 709.021(D) does not specify that its definition of "party" or "parties" applies to R.C. 709.023 is not dispositive of the question before us. R.C. 709.023 does not define who is a "party" who may bring a mandamus action under R.C. 709.023(G). However, R.C. 709.023(D) provides

that a township, a portion of which is included in the territory proposed for annexation, may adopt and file with the board of county commissioners a resolution objecting to the proposed annexation on the basis of the proposal's failure to meet any of the conditions specified in R.C. 709.023(E). If a township objects to the annexation, the board of county commissioners must determine whether the conditions specified in R.C. 709.023(E) have been met. If the board of county commissioners "finds that each of the conditions specified in division (E) * * * has been met, [the board of commissioners] shall enter upon its journal a resolution granting the annexation." R.C. 709.023(F). If, however, the board of commissioners finds that "one or more of the conditions specified in division (E) * * * have not been met, it shall enter upon its journal a resolution that states which of those conditions the board finds have not been met and that denies the petition." R.C. 709.023(F).

{¶ 28} Taken together, the provisions allowing a township to object to a proposed annexation under R.C. 709.023 and requiring the board of county commissioners to determine whether the seven conditions specified in R.C. 709.023(E) for such an annexation have been met show that a township, some of whose territory is to be annexed, is a "party" who may file a mandamus action under R.C. 709.023(G). As the township and its amici point out, only the township has an interest in challenging an improperly approved annexation under R.C. 709.023. Surely R.C. 709.023 does not expressly allow affected townships to object to an annexation and to require the board of county commissioners to determine whether all of the statutorily specified conditions for such annexations have been met, only to exclude townships from filing a mandamus action under division (G) to challenge an improperly approved annexation. By contrast, R.C. 709.024(G), pertaining to a different type of expedited annexation proceeding, expressly provides that only "[a]n owner who signed the petition" may appeal from a denial of the annexation petition, that "[n]o other person has standing to

appeal the board's decision in law or in equity," and that "[i]f the board grants the annexation, there shall be no appeal in law or in equity."

{¶ 29} In my view, a contested annexation petition under R.C. 709.023 can be approved only if the board of county commissioners finds that all of the seven conditions listed in division (E) of the statute exist. See R.C. 709.023(F). I would hold that a board of commissioners has a clear legal duty to make a finding that all of the seven conditions listed in R.C. 709.023(E) have been met in its resolution approving an annexation.

{¶ 30} After declaring that this issue was moot in light of its determination that Butler Township lacked standing to file the mandamus action, the court of appeals opined: "R.C. 709.023(E) and (F) do not require the Board of County Commissioners to make express findings that analyze how all seven conditions in R.C. 709.023(E) have been met. The statute only requires the Commissioners to identify, and not to thoroughly explain and/or discuss, the conditions that have not been met when a petition has been denied." *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, Montgomery App. No. 22664, 2008-Ohio-6542, ¶ 35. Thus, the court of appeals did not decide whether the board of commissioners complied with its clear legal duty to make findings that sufficiently addressed all of the seven conditions in R.C. 709.023(E) in granting the annexation. Accordingly, I would reverse the court of appeals' judgment and remand this matter to that court for a determination whether the board of county commissioners' resolution approving the annexation in this case satisfied the requirement that the board of commissioners find that all of the seven conditions in R.C. 709.023(E) have been met.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

_____

Newhouse, Prophater, Letcher & Moots, L.L.C., and Wanda L. Carter, for appellant.

10

Brahm & Cunningham, L.L.C., Catherine A. Cunningham, and Richard C. Brahm, for appellee Joseph P. Moore, agent for Waterwheel Farm, Inc.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and John A. Cumming, Assistant Prosecuting Attorney, for appellee Montgomery County Board of County Commissioners.

Moore & Associates and Joseph P. Moore, for appellee city of Union.

Rinehart & Rishel, Ltd., and Christopher A. Rinehart; and Brown Law, Ltd., and Stephen D. Brown, urging reversal for amicus curiae Berlin Township Board of Trustees.

Loveland & Brosius, L.L.C., Donald F. Brosius, and Peter N. Griggs, urging reversal for amici curiae Ohio Township Association and the Coalition of Large Ohio Urban Townships.

John E. Gotherman, urging affirmance for amicus curiae Ohio Municipal League.

_____