[Cite as *Berlin Twp. Bd. of Trustees v. Delaware Cty. Bd. of Commrs.*, 194 Ohio App.3d 109, 2011-Ohio-2020.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| BERLIN TOWNSHIP BOARD OF TRUSTEES, | JUDGES: Hon. Sheila G. Farmer, P.J. Hon. John W. Wise, J. |
| Appellant, | Hon. Julie A. Edwards, J. |
| v. | |
| DELAWARE COUNTY BOARD OF COMMISSIONERS, | Case No. 10CAH030027 |
| Appellee. | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
                            Case No. 08CVH121692


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     April 27, 2011


APPEARANCES:

    Christopher A. Rinehart and Stephen D. Brown, for appellant.

    William J. Owen, Aric I. Hochstettler, and Robert J. Rice for appellee.

    Robert A. Meyer Jr. and James B. Hadden, for intervenor.

FARMER, Presiding Judge.

{¶1} On June 16, 2005, intervenor, Dominion Homes, Inc. entered into an annexation agreement with the city of Delaware regarding a multifaceted residential-home development project in Delaware County, Ohio.

{¶2} A series of annexation petitions followed. Appellant, the Berlin Township Board of Trustees, objected to Nos. 6, 7, and 8. A hearing before appellee, the Delaware County Board of Commissioners, was held on December 22, 2008. Appellee approved the petitions.

{¶3} On December 26, 2008, appellant filed a complaint in mandamus, a motion for a temporary restraining order, and an application for a preliminary injunction with the Court of Common Pleas of Delaware County. Appellant sought to compel appellee to perform its duties under R.C. 709.023(E) and sought to prevent the delivery of a certified copy of the annexation proceedings to the city of Delaware.

{¶4} On January 20, 2009, intervenor filed a motion to dismiss under Civ.R. 12(B)(6), claiming that appellant lacked standing to assert a claim for mandamus.

{¶5} A hearing was held before a magistrate. By decision filed July 7, 2009, the magistrate denied intervenor's motion to dismiss and granted in part appellant's motion for preliminary injunction in relation to annexation petition Nos. 7 and 8. Intervenor filed objections. By judgment entry filed December 23, 2009, the trial court denied the objections and approved and adopted the magistrate's decision.

{¶6} On January 28, 2010, intervenor filed a motion to reconsider and vacate the December 23, 2009 judgment entry in light of the Supreme Court of Ohio's decision in *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 124

Ohio St.3d 390, 2010-Ohio-169 ("*Butler II*"), in which the court held that a township is not a party under R.C. 709.023(G) and therefore lacks standing to seek a writ of mandamus. Intervenor also requested a dismissal of the action. Appellee filed a Civ.R. 60(B) motion for relief from judgment on February 9. 2010.

{¶7} On February 25, 2010, appellant filed a memorandum contra and a motion to amend its complaint to assert additional claims to conform with *Butler II*.

{¶8} By judgment entry filed March 17, 2010, the trial court granted intervenor's motions, vacated the December 23, 2009 judgment entry, and dismissed the action. The trial court also granted appellee's motion for relief from judgment and denied appellant's motion for leave to amend the complaint.

{¶9} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

{¶10} [I] "The trial court erred in granting appellee-intervenor-respondent Dominion Homes, Inc.'s, motion to reconsider and vacate entry of December 22, 2009, and to dismiss and granting appellee-respondent Delaware County Board of County Commissioners' motion for relief from judgment pursuant to Civ.R.60(b)(5).

{¶11} [II] "The trial court erred in denying appellant-relator Berlin Township Board of Trustees' motion for leave to amend complaint."

I

{¶12} Appellant claims that the trial court erred in granting intervenor's motion to reconsider, motion to vacate the December 23, 2009 judgment entry, and motion to dismiss and appellee's Civ.R. 60(B) motion. Specifically, appellant claims that the trial

court erred in finding that it did not have standing to bring the action pursuant to *Butler II.* We disagree.

{¶13} This case involves an expedited Type 2 annexation petition filed under R.C. 709.023, which states:

{¶14} "(A) A petition filed under section 709.021 of the Revised Code that requests to follow this section is for the special procedure of annexing land into a municipal corporation when, subject to division (H) of this section, the land also is not to be excluded from the township under section 503.07 of the Revised Code. The owners who sign this petition by their signature expressly waive their right to appeal in law or equity from the board of county commissioners' entry of any resolution under this section, waive any rights they may have to sue on any issue relating to a municipal corporation requiring a buffer as provided in this section, and waive any rights to seek a variance that would relieve or exempt them from that buffer requirement."

{¶15} In *Butler II,* 124 Ohio St.3d 390, 2010-Ohio-169, at ¶ 16-18, the Supreme Court of Ohio explained the history behind enacting legislation for expedited annexations:

{¶16} "Prior to March 27, 2002, all annexations in Ohio initiated by private-property owners followed one procedure requiring that a majority of the property owners in a territory to be annexed sign the petition to initiate annexation. See former R.C. 709.02, Am.H.B. No. 732, 137 Ohio Laws, Part II, 3313. There were no special procedures to expedite the process, and no special procedures existed to govern situations in which all property owners desired annexation.

{¶17} "As of March 27, 2002, the General Assembly's amendments to R.C. Chapter 709 and enactments of, inter alia, R.C 709.021, 709.022, 709.023, and 709.024 allow for expedited annexation procedures when all the property owners within a territory to be annexed agree to the annexation and sign an annexation petition. Am.Sub.S.B. No. 5, 149 Ohio Laws, Part I, 621, 625-634. R.C. 709.021 sets forth general guidelines for the special procedures for annexation in accordance with R.C. 709.022, 709.023, and 709.024. R.C. 709.022 provides for a special procedure for the annexation of land into a municipal corporation when all property owners, any township a portion of which is included within the territory proposed for annexation, and the municipality each consent to the annexation. R.C. 709.023 provides for a special procedure for the annexation of land into a municipal corporation when the land is not to be excluded from the township. And R.C. 709.024 provides a special procedure for the annexation of land into a municipal corporation for the purpose of undertaking a significant economic development project.

{¶18} "Pertinent to the annexation in this case, R.C. 709.023(D) and (E) provide that the municipality to which annexation is proposed and any township a portion of which is included within the territory proposed for annexation may adopt and file with the board of county commissioners a resolution consenting or objecting to the proposed annexation, and if either the municipality or a township objects to the annexation, the county commissioners must review the annexation petition to determine whether the conditions specified in R.C. 709.023(E) have been met. Pursuant to R.C. 709.023(F), if the board of county commissioners finds that the conditions have been met, it must grant the annexation, but if it instead finds that one or more of the conditions have not

been met, it must so specify in a resolution denying the petition. R.C. 709.023(G) provides that there is no appeal in law or equity from the board's entry of any resolution under R.C. 709.023 but that any party may seek a writ of mandamus to compel the board to perform its duties."

{¶19} In reviewing whether the township had standing to file a mandamus action, the *Butler II* court held at the syllabus:

{¶20} "A township that files a resolution objecting to an annexation petition pursuant to R.C. 709.023(D) is not a 'party' as that term is used in R.C. 709.023(G) and therefore lacks standing to seek a writ of mandamus to compel the board of county commissioners to make findings on each of the conditions set forth in R.C. 709.023(E)."

{¶21} This holding clearly reversed prior case law of this appellate district. See *Washington Twp. Bd. of Trustees v. Mansfield City Council,* Richland App. Nos. 03 CA 85 and 03 CA 97, 2004-Ohio-4299, ¶ 32.

{¶22} At the outset, we note that appellant attacks the procedural posture that brings this matter before this court. After the decision in *Butler II* was issued by the Supreme Court of Ohio, the trial court granted intervenor's motion to reconsider and vacate the judgment entry of December 23, 2009, which found that appellant had standing under the case law of this district, specifically citing the *Washington Twp.* case, and granted appellee's motion for relief from judgment pursuant to Civ.R. 60(B)(5).

{¶23} Because the case sub judice was not fully resolved prior to the filing of the motions to reconsider and vacate and for relief from judgment, and because the issue of standing is basically a jurisdictional issue, we find that it was not inappropriate for the trial court to reconsider its prior ruling.

{¶24} Appellant now challenges the trial court's decision that it lacked standing under a "vested rights" theory, claims under R.C. 503.01 and R.C. Chapters 2731 and 2721, and a claim that R.C. 709.023(G) as construed by *Butler II* is unconstitutional as it violates the open-courts provision of the Ohio Constitution and R.C. 709.023, violates the separation-of-powers doctrine.

## VESTED RIGHTS

{¶25} Appellant argues that because it initiated the lawsuit before *Butler II*, it had acquired a vested right to pursue the litigation:

{¶26} "The equal protection clause of the federal Constitution does not assure uniformity of judicial decisions. The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 209.

{¶27} Appellant argues that this vested right was predicated upon the trial court granting the preliminary junction. Originally, the magistrate and trial court found that appellant had standing to request a preliminary injunction under the case law of this district. See *Washington Twp.* The trial court specifically rejected *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, Montgomery App. No. 22664, 2008-Ohio-6542 *("Butler I"),* which directly contradicted *Washington,* because the case "is not binding on this Court."

{¶28} In ruling on the preliminary injunction, the trial court determined that under the totality of the circumstances, the annexations of Nos. 7 and 8 violated R.C. 709.023(E)(5) (creation of "an unincorporated area of the township that is completely surrounded by the territory proposed for annexation").

{¶29} In granting the preliminary injunction, the trial court adopted the following language from the magistrate's decision:

{¶30} "The Magistrate determines that the four factors to consider regarding whether to issue a preliminary injunction weigh in favor of issuing the order. As the purpose of a preliminary injunction is to prevent irreparable harm in order to preserve the Court's ability to render a meaningful decision on the merits, the Magistrate determines that an injunction must be issued to prevent irreparable harm to Berlin Township until the final hearing on the merits in this case. *United Ford [Food] & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.* (6th Cir. 1998), 1263 [163] F.3d 341, 348."

{¶31} As clearly set forth in the trial court's decision, a preliminary injunction was granted to forestall the likelihood of irreparable harm until a final determination was issued. As such, the preliminary injunction was not a final order but was interlocutory in nature and did not create a vested right as defined by *Peerless*.

{¶32} In support of its vested-rights argument, appellant also argues that *Butler II* should be viewed and applied prospectively, and cites the Supreme Court of Ohio's opinion in *DiCenzo v. A-Best Prods. Co., Inc.,* 120 Ohio St.3d 149, 2008-Ohio-5327. The *DiCenzo* court held at paragraph two of the syllabus:

{¶33} "An Ohio court has discretion to apply its decision only prospectively after weighing the following considerations: (1) whether the decision establishes a new principle of law that was not foreshadowed in prior decisions, (2) whether retroactive application of the decision promotes or retards the purpose behind the rule defined in the decision, and (3) whether retroactive application of the decision causes an inequitable result. (*Chevron Oil Co. v. Huson* (1971), 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296, adopted and applied.)"

{¶34} *Butler II* did not announce a new principle of law but merely interpreted R.C. 709.023(G), as other districts had interpreted the standing issue contra to this district. Secondly, retroactive application of *Butler II* does not retard the purpose behind the court's ruling. The primary purpose of R.C. 709.023 is to *expedite* annexations that fit its criteria, i.e., land to be annexed is not to be excluded from the township and all property owners agree to the annexation. *Butler II* held that Butler Township was not a party and could not file a mandamus action against the board of county commissioners. Retroactive application will serve the purpose of the statute. Last, retroactive application does not create an inequitable result. Appellant is in the same position as Butler Township in *Butler II.*

R.C. 503.01 AND R.C. CHAPTERS 2721 AND 2731

{¶35} Appellant argues that a township has the right to sue or be sued under R.C. 503.01:

{¶36} "Each civil township is a body politic and corporate, for the purpose of enjoying and exercising the rights and privileges conferred upon it by law. It may sue and be sued, plead and be impleaded, and receive and hold real estate by devise or

deed, or receive and hold personal property for the benefit of the township for any useful purpose. The board of township trustees shall hold such property in trust for the township for the purpose specified in the devise, bequest, or deed of gift. Such board may also receive any conveyance of real estate to the township, when necessary to secure or pay a debt or claim due such township, and may sell and convey real estate so received. The proceeds of such sale shall be applied to the fund to which such debt or claim belonged. The board of township trustees may acquire real property within the unincorporated territory of the township in order to provide needed public improvements to the property pursuant to sections 5709.73 to 5709.75 of the Revised Code. The board of township trustees may enter into contracts with municipal corporations pursuant to section 715.70, 715.71, or 715.72 of the Revised Code, and with counties pursuant to division (D) of section 715.72 of the Revised Code, to create a joint economic development district."

{¶37} As a result of this statutory authority, appellant has the right to initiate a declaratory judgment or mandamus action (R.C. Chapters 2721 and 2731). In a declaratory-judgment action, there must be a controversy for a court to "declare rights, status, and other legal relations whether or not further relief is or could be claimed" (R.C. 2721.02) or a claim of being affected by an "instrument, constitutional provision, statute, rule, ordinance, resolution, contract, or franchise" and a necessity to "obtain a declaration of rights, status, or other legal relations under it" (R.C. 2721.03). In a mandamus action, a relator "must have a beneficial interest in the act sought to be compelled." *State ex rel. Skilton v. Miller* (1955), 164 Ohio St. 163, paragraph one of the syllabus.

{¶38} Appellant argues that despite the language set forth in R.C. 709.023(G) and *Butler II's* definitive stance as to its standing, it still has a right to a declaratory judgment or mandamus action on the subject annexations other than in law or equity under R.C. 503.01 and R.C. Chapters 2721 and 2731. We disagree. Annexation is a strict statutory process and provides for relief within the statute. See R.C.709.023(D) and (E) and 709.023(G). There is no remedy available to appellant once it passes a resolution objecting to the proposed annexation forcing the board of commissioners to review the annexation petition under R.C. 709.023(E), given the Supreme Court of Ohio's determination in *Butler II*. R.C. 709.023(G) relates to the board of commissioners' responsibility to execute its resolution approving the annexation petition. The mandamus language in the statute goes no further as, the *Butler II* court held.

CONSTITUTIONALITY — OPEN-COURTS PROVISION

{¶39} Appellant argues that R.C. 709.023(G), as construed by *Butler II,* violates Section 16, Article I of the Ohio Constitution because there is no adequate remedy at law. The section states:

{¶40} "All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay. Suits may be brought against the state, in such courts and in such manner, as may be provided by law."

{¶41} In this case, appellant had a remedy by filing a resolution objecting to the annexation petition under R.C. 709.023(D), thereby requiring the board of county commissioners to review the petition under R.C. 709.023(E). The issue raised by an expedited Type 2 annexation is the right of property owners to decide for themselves

whether to be annexed to a municipal corporation. This right is commensurate with the rights granted in the United States Constitution regarding free alienation of one's own property. As such, a township has no right to interfere with this constitutionally protected principle except to insure that the matter is reviewed by the board of county commissioners. The review process provided under R.C. 709.023(D) and (E) is the remedy at law available to appellant.

CONSTITUTIONALITY – SEPARATION-OF-POWERS DOCTRINE

{¶42} Appellant argues that the procedures of R.C. 709.023 violate the separation-of-powers doctrine. We note that this argument was not made to the trial court nor was it included in appellant's responses to the various motions filed after *Butler II.*

{¶43} " 'An appellate court will not consider any error, including constitutional error, which counsel for a complaining party could have, but failed to call to the trial court's attention at a time when such error could have been avoided by the trial court.' *In re 730 Chickens* (1991), 75 Ohio App.3d 476, 488, 599 N.E.2d 828, citing, *State v.1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524." *In re Retaining Vorys, Sater, Seymour & Pease, L.L.P., as Special Counsel,* Mahoning App. No. 10 MA 167, 2011-Ohio-640, ¶ 24.

{¶44} Upon review, we concur in the trial court's analysis that *Butler II* is applicable sub judice. We find that the trial court did not err in granting intervenor's motion to reconsider, motion to vacate the December 23, 2009 judgment entry, and motion to dismiss, and appellee's Civ.R. 60(B) motion.

{¶45} Assignment of error I is denied.

II

{¶46}  Appellant claims that the trial court erred in denying its motion to amend its complaint.  We disagree.

{¶47}  Civ.R. 15 governs amended and supplemental pleadings.  Subsection (A) states:

{¶48}  "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served.  Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party.  Leave of court shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

{¶49}  The decision to grant leave is in the trial court's sound discretion. *D'Amore v. Matthews,* Cuyahoga App. No. 91420, 2009-Ohio-131.  In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment.  *Blakemore v. Blakemore* (1983) 5 Ohio St.3d 217.

{¶50}  Appellant sought to amend its complaint to include additional claims based upon the theory advanced in the first assignment of error that under R.C. 503.01, it could request mandamus or declaratory-judgment relief.  Appellant argued that the

additional claims of standing "correlate specifically to the present claims and allegations, and they arise out of the same facts alleged in the Verified Complaint."

{¶51} As is clearly noted in *Butler II,* appellant has no standing in R.C. 709.023 expedited annexations. Based upon our reasoning in assignment of error I, we conclude that the trial court did not abuse its discretion in denying appellant's motion to amend its complaint.

{¶52} Assignment of error II is denied.

{¶53} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.

Judgment affirmed.

WISE and EDWARDS, JJ., concur.