[Cite as *Cline v. Wedgewood Hills HOA*, 2024-Ohio-2179.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Santana Jade Cline, | : | |
| Plaintiff, | : | No. 23AP-470 |
| | | (C.P.C. No. 21CV-4359) |
| | : | |
| [Timothy Dials, | : | (ACCELERATED CALENDAR) |
| | : | |
| Appellant], | : | |
| | : | |
| v. | : | |
| Wedgewood Hills HOA et al., | : | |
| | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 6, 2024

**On brief:** *Timothy Dials*, pro se.

**On brief:** *Freund, Freeze & Arnold, Gordon D. Arnold,* and *Jennifer L. Wilson*, for Wedgewood Hills HOA and RZ Realty, LLC.

**On brief:** *Gallagher Sharp LLP, Timothy T. Brick,* and *Maia E. Jerin*, for Kaman & Cusimano, LLC.

APPEAL from the Franklin County Court of Common Pleas

MENTEL, P.J.

{¶ 1} Appellant, Timothy Dials, appeals from an August 1, 2023 entry and order denying his July 27, 2023 renewed motion to intervene and an August 1, 2023 decision finding in favor of defendant-counterclaimant, Kaman & Cusimano, LLC ("K&C"), on its counterclaim seeking to declare plaintiff-counterclaim defendant, Santana Jade Cline, a vexatious litigator. For the reasons that follow, we affirm the trial court's August 1, 2023

entry denying Dials' motion to intervene and dismiss Dials' remaining assignments of error for lack of standing.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2}   On July 13, 2021, Cline filed a complaint against defendants-appellees, Wedgewood Hills HOA and RZ Realty, LLC.  An amended complaint was filed on July 15, 2021 to include K&C as a defendant in the case.  Cline's allegations stem from a dispute over a lien filed on her real property for unpaid HOA assessments and fees.  According to Cline, the operating assessments and fees that formed the basis for the lien were discharged in prior bankruptcy proceedings.  On August 16, 2021, Wedgewood Hills HOA and RZ Realty, LLC filed answers to the amended complaint.  On September 16, 2021, K&C filed an answer and counterclaim seeking to have Cline deemed a vexatious litigator under R.C. 2323.52.

{¶ 3}   On October 20, 2021, Wedgewood Hills HOA and RZ Realty, LLC filed a motion for summary judgment arguing Cline's various causes of action should be dismissed as there was no genuine issue of material fact that there was a valid lien on the real property. After the trial court granted a brief extension of time to respond to the motion for summary judgment, Cline declined to file a memorandum in opposition.  A reply brief was filed on February 1, 2022.  On November 15, 2021, K&C filed a motion for judgment on the pleadings.  Again, despite additional time to respond, Cline declined to file a memorandum in opposition.  A reply brief was filed on February 2, 2022.

{¶ 4}   On April 22, 2022, the trial court granted both the motion for summary judgment and motion for judgment on the pleadings.  The trial court found that Cline was the owner of the residential real property at issue, which is located in the Wedgwood Hills Subdivision. (Apr. 22, 2022 Entry & Order at 4-5.)  The Wedgewood Hills HOA administers enforce restrictions and standards for all lots in the subdivision.  (*Id*. at 4.)  RZ Realty, LLC is a contractor that assists Wedgewood Hills HOA with various administrative duties that include the collection of annual operating assessments.  (*Id*. at 5.)  Since 2007, Cline's operating assessment fees/annual dues and late fees were not paid.  (*Id*. at 5.)  On July 13, 2021, Wedgewood Hills HOA, through K&C, filed a continuing lien for $4,060 against Cline's real property.  (*Id*. at 5-6.)  The trial court concluded that Cline's causes of action for quiet title, debt collection violations, fraud, harassment, and slander of title all failed and

must be dismissed as the lien against the real property was valid. (*Id.* at 8-9.) The trial court also dismissed Cline's claim for a violation of the Ohio Consumer Sales Practices Act because there was no consumer transaction at issue. (*Id.* at 9.) The trial court went on to grant K&C's motion for judgment on the pleadings finding that Cline did not have standing to sue the firm for its representation of Wedgewood Hills HOA and RZ Realty, LLC. (*Id.* at 12.)

{¶ 5} K&C's counterclaim to declare Cline a vexatious litigator was scheduled for trial on July 19, 2023. On July 17, 2023, Dials filed his initial motion to intervene in the case. K&C filed a memorandum in opposition on July 18, 2023. The trial court denied the motion to intervene for failure to comply with Civ.R. 24(C). A renewed motion to intervene was filed on July 27, 2023. On August 1, 2023, the trial court denied Dials' renewed motion to intervene again citing his failure to comply with Civ.R. 24(C). Also on August 1, 2023, the trial court issued its decision following the July 19, 2023 bench trial. The trial court found in favor of K&C on its counterclaim and declared Cline a vexatious litigator under R.C. 2323.52.

{¶ 6} Dials filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Dials assigns the following as trial court error:

[I.] The trial court erred by finding that Defendant[]/Appellee Kaman & Cusimano [] had stated a claim and had standing to bring the cross-claim action to make "Santana Cline" a vexatious litigator under O.R.C. 2323.52.

[II.] The trial court erred by holding a "bench trial" [] on July 19th, 2023 for the O.R.C[.] 2323.52 claims when they were notified of Ms. Cline being unavailable due to an on-going and continuous health issue.

[III.] The trial court erred by holding that Defendant's/Appellee Wedgewood Hills Homeowner's Association [] had a valid homeowner's lien for fees that were discharged in 2021.

[IV.] The trial court erred by denying Intervenor/Substitute Plaintiff/Appellant's motion to intervene and substitution of party without notice and hearing, and without a brief or reason.

## III. LEGAL ANALYSIS

### A. Appellant's Fourth Assignment of Error

{¶ 8} For ease of discussion, we will address Dials' various assignments of error out of order. In Dials' fourth assignment of error, he argues that the trial court erred by denying his motion to intervene.

{¶ 9} We review a trial court's resolution of a motion to intervene under an abuse of discretion analysis. *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, ¶ 41, citing *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503 (1998), fn. 1. A reviewing court will not reverse a judgment for an abuse of discretion absent a determination that the decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} The procedure for seeking intervention is governed by Civ.R. 24(C), which directs:

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and *shall be accompanied by a pleading, as defined in Civ.R. 7(A),* setting forth the claim or defense for which intervention is sought.

(Emphasis added.)

{¶ 11} In 1999, Civ.R. 24(C) was amended to include the reference to Civ.R. 7(A) "to clarify that the 'pleading' to be filed with a motion to intervene requires more than just a memorandum in support of the motion to intervene." Civ.R. 24(C) Staff Note (July 1, 1999 Amendment). Pursuant to Civ.R. 7(A), "[t]here shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Civ.R. 14; and a third-party answer, if a third-party complaint is served." The pleading requirement in Civ.R. 24(C) is " 'logical, as the applicant is asking to be made a party to the existing action.' " *Schaffer v. Jones*, 1st Dist. No. C-160684, 2017-Ohio-7730, ¶ 18, quoting 1 Baldwin's Ohio Practice, *Civil Practice*, Section 24:26 (2016). A motion to intervene should be denied when it is not accompanied by a

pleading. *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 21; *see State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106, 2003-Ohio-2506, ¶ 12, fn. 1.

{¶ 12} Dials argues that the trial court erred by denying his motion to intervene because he "has an interest relating to the property as they are in control of the property due to a general/medical power of attorney of the original Plaintiff, Santana Cline." (Dials' Brief at 29.) Dials contends that he is "the father of the Plaintiff and is the trustee of the trust controlling the property." (Dials' Brief at 29.)

{¶ 13} Upon review, we need not examine Dials' substantive claims for intervention as he has not followed the express procedural requirements of Civ.R. 24(C).[1] In both his July 17, 2023 motion to intervene and July 27, 2023 renewed motion to intervene, Dials failed to include a pleading as defined in Civ.R. 7(A) setting forth the claim for which intervention is sought. *Nigh Law Group LLC v. Pond Family Med. Ctr.*, 10th Dist. No. 21AP-558, 2022-Ohio-2036, ¶ 21. While Dials contends that he filed a pleading and memorandum with the motion to intervene, our review of the record concludes otherwise. (Dials' Brief at 27.) Because Dials' proposed motion to intervene was not accompanied by a pleading as described in Civ.R. 7(A), the trial court's denial of his motion was not an abuse of discretion. Civ.R. 24(C); *Sawicki* at ¶ 21.

{¶ 14} Dials' fourth assignment of error is overruled.

### B. Dials' First, Second, and Third Assignments of Error

{¶ 15} In Dials' first assignment of error, he argues that the trial court erred concluding that K&C had standing and a valid cause of action against Cline. In Dials' second assignment of error, he argues that the trial court erred by holding a bench trial when Cline was unavailable due to purported health concerns. In Dials' third assignment of error, he argues that the trial court erred by finding Wedgewood Hills HOA had a valid lien for fees.

---

[1] In Dials' fourth assignment of error, he argues that the trial court erred by denying his motion to intervene. However, there is some ambiguity as to which motion to intervene he is referencing in his brief. Dials appealed from both an August 1, 2023 entry denying his July 27, 2023 renewed motion to intervene and a second August 1, 2023 entry and order following a bench trial, which, in relevant part, denied his July 17, 2023 motion to intervene. As both entries concern the trial court's denial of a motion to intervene, without additional information in the brief, we could reasonably interpret the assignment of error as referring to either entry. In any case, it is ultimately irrelevant which motion to intervene is the subject of the fourth assignment of error as both motions were denied for the same reason, i.e., failing to comply with Civ.R. 24(C).

{¶ 16} As an initial matter, we must first determine whether Dials has standing to assert any of the above assignments of error.

{¶ 17} The issue of standing determines whether a litigant is entitled to have a court resolve the merits of the issues presented. *State v. Fisk*, 171 Ohio St.3d 479, 2022-Ohio-4435, ¶ 10, citing *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 132 Ohio St.3d 47, 2012-Ohio-1861, ¶ 10, quoting *Ohio Contrs. Assn. v. Bicking*, 71 Ohio St.3d 318, 320 (1994). "Standing" is defined as " ' "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right." ' " *State ex rel. Butler Twp. Bd. of Trustees v. Montgomery Cty. Bd. of Commrs.*, 124 Ohio St.3d 390, 2010-Ohio-169, ¶ 19, quoting *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, ¶ 27, quoting *Black's Law Dictionary* 1442 (8th Ed.2004). A party must establish standing to bring a claim before a court may consider the merits of the action. *Blank v. Bluemile, Inc.*, 10th Dist. No. 20AP-200, 2021-Ohio-2002, ¶ 17, citing *Torrance v. Rom*, 8th Dist. No. 108818, 2020-Ohio-3971, ¶ 23, citing *Bicking* at 320. " 'A determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action in order to establish standing.' " *In re T.S.*, 10th Dist. No. 18AP-270, 2019-Ohio-886, ¶ 4, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 23, citing *Ohio Pyro, Inc.* at ¶ 27. The lack of standing may require a court to dismiss the claim. *Blank* at ¶ 17, citing *Torrance* at ¶ 23, citing *Thies v. Wheelock*, 2d Dist. No. 2017-CA-8, 2017-Ohio-8605, ¶ 10.

{¶ 18} When a non-party seeking to intervene under Civ.R. 24 is denied intervention, their appeal is limited to the issue of intervention. *Woods Cove III, LLC v. Straight*, 10th Dist. No. 17AP-340, 2018-Ohio-2906, ¶ 24, citing *State ex rel. N.G. v. Cuyahoga Cty. Court of Common Pleas*, 147 Ohio St.3d 432, 2016-Ohio-1519, ¶ 28, citing *Sawicki* at ¶ 18 ("[i]t is well settled that 'an appeal from the denial of a motion to intervene is limited solely to the issue of intervention' "); *State ex rel. Montgomery v. Columbus*, 10th Dist. No. 02AP-963, 2003-Ohio-2658, ¶ 33; *Tomrob, Inc. v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. No. 71593, 1997 Ohio App. LEXIS 4136 (Sept. 11, 1997); *Fouche v. Denihan*, 66 Ohio App.3d 120, 126 (10th Dist.1990). Because Dials is not a party to this case, he lacks standing to contest the remaining assignments of error.

{¶ **19**} Accordingly, Dials' first, second, and third assignments of error are dismissed for lack of standing.

## IV. CONCLUSION

{¶ **20**} Having overruled Dials' fourth assignment of error and dismissed his first, second, and third assignments of error for lack of standing, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed*;
*appeal dismissed in part.*

BEATTY BLUNT and LELAND, JJ., concur.

_____